Richard C. THRONDSET, Director, Burleigh County Social Service Board as assignee for Lou Ann Schonauer, and Dan Houfek as guardian ad litem for Brent D. Schonauer, a minor child, and Rebecca S. DeKrey as guardian ad litem for Desiree C. Schonauer, a minor child, Plaintiffs and Appellees,

v.

Lionel Maurice TAILLON, Defendant and Appellant.

· Civ. No. 11341.

Supreme Court of North Dakota.

June 30, 1987.

Tina M. Heinrich, Regional Child Support Enforcement Unit, Bismarck, for plaintiffs and appellees.

Rolf P. Sletten, Bismarck, for defendant and appellant.

MESCHKE, Justice.

The trial court ruled that Lionel Taillon was the natural father of Brent, born August 31, 1976, and of Desiree, born July 11, 1979, and ordered him to pay $500 per month for their support. Burleigh County Social Service Board was awarded judgment of $9,257.24 against Taillon for its past assistance to the children. Taillon appealed, contending:

1) His requested instruction on the presumption of paternity was improperly refused;

2) Results of blood tests were admitted as evidence without adequate foundation;

3) The amount of child support ordered was unreasonable; and

4) The judgment for past assistance should be further reduced for what the mother had "stolen."

At oral argument, Taillon abandoned his first two contentions and acknowledged that he was the natural father of Brent and Desiree. Appellees conceded Taillon's third contention, recognizing that the ordered support exceeded his "present ability to pay." The remaining issue is about the amount of past assistance to be repaid by Taillon.

Evidence showed that, from July 1979 through June 1985, the mother received $11,280.67 in assistance for these children under the Aid to Families with Dependent Children Program, and that she also received medical assistance of $3,953.14. In November 1982, the mother turned herself in for making false statements to Social Services about earnings from babysitting since 1980. She pled guilty to "Theft of Property." Imposition of sentence was de-ferred upon conditions that she "make restitution in the amount of $1,000 per year ($4,000 total)" and that, "if at anytime during the period of deferment [her] tax return shows an adjusted gross income of $15,000," she report it "for the possibility of having the total restitution increased."

The trial court ordered Taillon to repay $7,280.67 for assistance to his children, deducting only the $4,000 which the mother was specifically ordered to repay. To this, the trial court added one-half of the medical assistance, $1,976.57, thereby requiring Taillon to repay a total of $9,257.24. But, Taillon argues it should be $3,000 less to adjust for the total amount "stolen" by the mother. He emphasizes one cross-examination answer by the mother:

"And how much money was stolen?

"I guess when they come to a figure, it was like seven thousand."

Without complicity, one person should not be responsible for another's deceit. But that essential truth cannot lessen Taillon's duty to repay the public for supporting his children.

The record of the mother's conviction, which was in evidence, did not show an exact amount that she wrongfully obtained from the Social Service Board. All of the funds were for support of Taillon's children. By statute, amounts paid for benefit of the children were presumed to equal the reasonable value of their support; N.D. C.C. § 14-08.1-01. Nothing in this record indicates that the mother used the funds for a purpose other than support of the children.

Beyond the $4,000 of restitution specifically ordered, the amount "stolen" by the mother was not so clearly shown as to overcome the presumption of support. While Taillon's obligation to repay the Social Service Board was properly reduced by the $4,000 clearly attributed to the mother's wrong, we cannot say, as a matter of law, that it must be reduced further.

We affirm the judgment except as to the amount of monthly child support ordered. On that item, we remand for redetermination.

No appendix was prepared and filed by appellant's counsel as required by NDRAppP Rule 30. Therefore, under NDRAppP Rule 13, we direct that no costs be taxed in favor of appellant on this appeal.

ERICKSTAD, C.J., and LEVINE, J., concur.

VANDE WALLE, J., concurs in the result.

GIERKE, Justice, concurring and dissenting.

I agree with that portion of the majority opinion which remands this case to the district court for a redetermination of the child support ordered.

I disagree with that portion of the majority opinion which orders Taillon to repay the Social Service Board for any amounts stolen by the children's mother. In my view the presumption reflected in Section 14–08.1–01 that amounts "paid for benefit of the children were presumed to equal the reasonable value of their support" is overcome by the fact that the mother was convicted of theft of property in an amount which she concedes to be around $7,000. The majority opinion gives credit for the $4,000 which she has paid back. It is inconsistent to say that the presumption applies to $3,000 of the stolen money while giving credit for the $4,000 the mother repaid. The presumption either applies to stolen monies or it does not.

The Social Service Board has set up a schedule of amounts which they will provide based on the needs of the children as well as other sources of income. The above presumption should only apply to those amounts properly paid—not to any amounts that were stolen.

The majority also points out that the record of conviction failed to show the exact amount that the mother wrongfully obtained from the Social Service Board. The exact amount should be easily determinable by the trial court upon remand.

Therefore, I respectfully dissent from that portion of the majority opinion which orders Taillon to repay any amounts stolen from the Social Service Board and would remand for the purpose of determining the exact amount stolen with directions that said amount be subtracted from the judgment against Taillon.