CUNA MORTGAGE, a/k/a CUNA Mortgage Corporation, Plaintiff and Appellee,

v.

Dean W. AAFEDT and Pamela J. Aafedt, Defendants and Appellants.

Civ. Nos. 900009 to 900011.

Supreme Court of North Dakota.

July 31, 1990.

Howe, Hardy, Galloway & Maus, P.C., Dickinson, for plaintiff and appellee; argued by Gerald D. Galloway.

Anseth & Zander, Williston, for defendants and appellants; argued by Janet Holter Zander.

LEVINE, Justice.

This is a consolidated appeal by Dean W. and Pamela J. Aafedt from summary judgments in favor of CUNA Mortgage, also known as CUNA Mortgage Corporation [CUNA], foreclosing three real estate mortgages. We affirm.

In November 1985, the Aafedts executed three promissory notes, each in the amount of $15,150 and payable to the Williston Cooperative Credit Union, to finance the purchase of three townhouse properties.

To secure the debts, the Aafedts gave the Credit Union separate short-term redemption mortgages for each of the three individual lots. The mortgages were insured by the United States Department of Housing and Urban Development [HUD]. The Credit Union subsequently assigned the notes and mortgages to CUNA. The Aafedts defaulted on the notes in February 1989.

In October 1989, CUNA commenced these actions to foreclose the mortgages. CUNA stated in the foreclosure complaints that it would not seek deficiency judgments in separate actions against the Aafedts. The Aafedts, through counsel, offered to deed the properties back to CUNA in lieu of the foreclosure actions. CUNA rejected the Aafedts' offer to deed back the properties, apparently, because HUD would not agree to that procedure and would not reimburse CUNA for the funds CUNA invested if CUNA accepted the deed. In spite of CUNA's rejection of the offer to deed back the properties, the Aafedts executed a quitclaim deed purportedly conveying all the properties to CUNA. The quitclaim deed was recorded on November 2, 1989, without the knowledge of CUNA.

The Aafedts then filed their answers in which they admitted all of the allegations in the complaints but asserted that the actions should be dismissed because they had already conveyed the properties to CUNA by quitclaim deed. The Aafedts moved for summary judgment dismissing the actions. The trial court granted summary judgments in favor of the Aafedts on December 1, 1989, on the basis that CUNA had failed to respond.

On December 11, 1989, CUNA moved for relief from the summary judgments under Rule 60(b), N.D.R.Civ.P., asserting that "a timely response to the Motion was completed and served upon the [Aafedts], but because of mistake or inadvertence, the original documents were not filed with the Court." CUNA also requested the trial court to consider its response to the Aafedts' original motion and to grant summary judgments in its favor foreclosing the mortgages.

The trial court granted CUNA's Rule 60(b) motion and vacated the December 1 summary judgments. The court concluded that the Aafedts' quitclaim deed was void, determining that "the act of deeding the property to [CUNA] was done unilaterally, without [CUNA's] consent or acceptance and not duly delivered to [CUNA]." The court also granted summary judgments in favor of CUNA foreclosing the three mortgages. These appeals followed.

The Aafedts assert that the trial court erred in granting CUNA's Rule 60(b) motion for relief from the December 1 summary judgments dismissing its foreclosure actions. The trial court dismissed the actions because CUNA had failed to file a response to the Aafedt's summary judgment motion, and the time for filing a response under Rule 3.2, N.D.R.O.C., had expired. Because it was premised on CUNA's failure to respond to the Aafedts' motion, the trial court's December 1 dismissal is analogous to a judgment by default.

■ This court has long encouraged trial courts to be more lenient when entertaining Rule 60(b) motions to vacate default judgments as distinguished from "litigated" judgments, that is, judgments entered after trial on the merits. *E.g., Suburban Sales v. District Court of Ramsey,* 290 N.W.2d 247, 252 (N.D.1980); *Perdue v. Sherman,* 246 N.W.2d 491, 496 (N.D.1976). While a trial court certainly has discretion to grant or deny a Rule 60(b) motion to vacate a default judgment [*First Federal Savings and Loan Ass'n v. Hulm,* 328 N.W.2d 837 (N.D.1982)], the range of that discretion is limited by three important considerations. *See Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir.1974). First, Rule 60(b) is remedial in nature and should be liberally construed and applied. *Sioux Falls Construction Co. v. Dakota Flooring,* 109 N.W.2d 244, 247 (N.D.1961). Second, decisions on the merits are preferable to those by default. *Bender v. Liebelt,* 303 N.W.2d 316, 318 (N.D.1981). Third, as a consequence of the first two considerations, " '[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any,

should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.' " *King v. Montz,* 219 N.W.2d 836, 839 (N.D.1974) [quoting 7 Moore's Federal Practice ¶ 60.19, at p. 60–156]. Against this backdrop, the Aafedts shoulder a heavy burden to demonstrate that the trial court abused its discretion in vacating the December 1 dismissal of CUNA's foreclosure actions. *See Suburban Sales v. District Court of Ramsey, supra.*

■ In an attempt to show mistake, inadvertence, or excusable neglect under Rule 60(b), CUNA's counsel submitted an affidavit, dated December 11, 1989, in which he stated that on November 30, 1989, he completed a response to the Aafedts' motion for summary judgment as well as a cross-motion for summary judgment on behalf of CUNA and served the documents by mail on the Aafedts' counsel. CUNA's counsel said that he was absent from his law office between December 4 and 8, 1989, and when he returned, he found the dismissal order and discovered, after a review of the file, that the original documents had not been filed with the court. CUNA's counsel also submitted his response to the Aafedts' summary judgment motion which challenged the validity of the quitclaim deed and pointed out that the Aafedts' answer admitted all allegations contained in the foreclosure complaints.

CUNA's Rule 60(b) motion was promptly made and was accompanied with a meritorious defense to the dismissal of the foreclosure actions. CUNA's failure to timely respond was the result of lawyer error, which we are reluctant to attribute to a client who has not been personally negligent. *See King v. Montz, supra,* 219 N.W.2d at 839–840. We conclude that the trial court did not abuse its discretion in granting CUNA's Rule 60(b) motion.

The Aafedts next assert that the trial court erred in concluding, as a matter of law, that the quitclaim deed purportedly conveying the properties to CUNA was void.

■ Under North Dakota law, conveyance by deed takes effect upon delivery of

the deed by the grantor. *Frederick v. Frederick,* 178 N.W.2d 834, 837 (N.D.1970); § 47–09–06, N.D.C.C. Absent a delivery of the deed, the deed is of no effect. *First Nat'l Bank in Minot v. Bloom,* 264 N.W.2d 208, 210 (N.D.1978) [quoting *Stark County v. Koch,* 107 N.W.2d 701, 705 (N.D. 1961)]. Because "an estate cannot be thrust upon a person against his will" [23 Am.Jur.2d *Deeds* § 173, at p. 195 (1983)], it is well settled that "[a]cceptance by the grantee is an essential part of a delivery." *Arnegaard v. Arnegaard,* 7 N.D. 475, 75 N.W. 797, 805 (1898). *See also* 8 G. Thompson, *Commentaries on the Modern Law of Real Property* § 4252, at p. 166 (1963); 4 H. Tiffany, *The Law of Real Property* § 1055 (3d ed.1975); Annot., *What constitutes acceptance of deed by grantee,* 74 A.L.R.2d 992, 995 (1960).

In this case, a CUNA official stated by affidavit that CUNA "rejected all offers of the [Aafedts] to deed the properties back to it in lieu of foreclosure" and that "the preparation, execution and placing of record" of the quitclaim deed "were not made with the consent, knowledge or acceptance of" CUNA. The Aafedts do not dispute these statements, but assert that there was a "constructive acceptance" of the deed by CUNA because four weeks lapsed before CUNA formally voiced any resistance to the deed being placed of record. The Aafedts provide us with no authority to support this argument. We treat their "constructive acceptance" argument as an assertion that CUNA's four-week silence raised a presumption of acceptance of the quitclaim deed.

▪ The recording of a deed may create a rebuttable presumption of its delivery to, and its acceptance by, the grantee. *Dinius v. Dinius,* 448 N.W.2d 210, 216 (N.D. 1989) [quoting *Eide v. Tveter,* 143 F.Supp. 665, 671 (D.C.N.D.1956)]. A failure to renounce a deed after knowledge of its existence may also in some circumstances be sufficient to show that a grantee accepted the deed. 23 Am.Jur.2d, *supra,* § 181, at p. 200. However, presumptions of acceptance arise only when the deed is beneficial to the grantee, not when the deed places a

burden on the grantee. 8 G. Thompson, *supra,* at p. 176; 4 H. Tiffany, *supra,* § 1057, at p. 460; 23 Am.Jur.2d, *supra,* § 183, at p. 200; *Arnegaard v. Arnegaard, supra.* CUNA has asserted that it would be burdened by the deed because its ability to receive insured funds from HUD "would be in jeopardy" if it accepted the quitclaim deed. The Aafedts did not present any evidence to counter this assertion. Therefore, a presumption of acceptance did not arise in this case.

Moreover, we do not believe that CUNA's four-week delay in making a formal court objection to the recorded quitclaim deed, after the Aafedts had been informed by CUNA that a deed in lieu of foreclosure would be an unacceptable alternative, is sufficient to raise a genuine issue of material fact with regard to laches, estoppel, or a presumption of acceptance. We conclude that the trial court correctly determined on these undisputed facts that the Aafedts' attempted quitclaim conveyance of the properties to CUNA is void.

▪ The premise underlying all of the Aafedts' arguments in this case is that CUNA's insistence on pursuing the foreclosure actions is unjustified and unfair because the relief it seeks could be more easily obtained by accepting a deed to the property. According to the Aafedts, CUNA's acceptance of a deed in lieu of foreclosure would not only alleviate a burden on the courts but would spare them the adverse publicity which accompanies a foreclosure action. We recognize that an action to foreclose a mortgage is an equitable proceeding [*Federal Land Bank of St. Paul v. Overboe,* 404 N.W.2d 445, 448 (N.D.1987)], and are familiar with the maxim that "[h]e who invokes the jurisdiction of equity must come with clean hands...." *Sorum v. Schwartz,* 411 N.W.2d 652, 655 (N.D.1987).

Although the ultimate relief a mortgagee receives through a foreclosure action may often be the same as that acquired by accepting a deed in lieu of foreclosure, *i.e.,* title to the property, the consequences to the mortgagor and mortgagee of using one method as opposed to the other in satisfy-

ing the mortgagee's claim can vary widely. *See* 3 R. Powell, *The Law of Real Property* ¶¶ 469.1 [practical effects] and 469.2 [federal income tax effects] (1990). In this case, CUNA has asserted that, because of HUD rules and regulations,[1] it will be injured through the loss of HUD funds if it accepts the quitclaim deed in lieu of the foreclosures. The Aafedts have failed to present any evidence whatsoever to raise an inference that CUNA is pursuing the foreclosure actions in bad faith. Because the Aafedts admitted all the allegations in the foreclosure complaints, and absent any showing by the Aafedts of a bad faith refusal by CUNA to accept the deed in lieu of the foreclosure actions, we conclude that the trial court properly granted the summary judgments of foreclosure in favor of CUNA.

We conclude that the trial court did not err in granting CUNA's Rule 60(b) motion for relief from the December 1 dismissals, in declaring the quitclaim deed void, and in granting summary judgments in favor of CUNA in the foreclosure actions. Accordingly, the judgments are affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

1. 24 C.F.R. § 203.357 allows mortgagees holding a mortgage insured by the FHA to accept deeds in lieu of foreclosure only under certain circumstances:

"*§ 203.357 Deed in lieu of foreclosure.*

"(a) *Mortgagors owning one property.* In lieu of instituting or completing a foreclosure, the mortgagee may acquire property from one other than a corporate mortgagor by voluntary conveyance from the mortgagor who certifies that he does not own any other property subject to a mortgage insured or held by FHA. Conveyance of the property by deed in lieu of foreclosure is approved subject to the following requirements:

"(1) The mortgage is in default at the time the deed is executed and delivered;

"(2) The credit instrument is cancelled and surrendered to the mortgagor;

"(3) The mortgage is satisfied of record as a part of the consideration for such conveyance;

"(4) The deed from the mortgagor contains a covenant which warrants against the acts of the grantor and all claiming by, through, or under him and conveys good marketable title;

"(5) The mortgagee transfers to the Commissioner good marketable title accompanied by satisfactory title evidence.

"(b) *Corporate mortgagors.* A mortgagee may accept a deed in lieu of foreclosure from a corporate mortgagor in compliance with the requirements of paragraph (a) of this section, if the mortgagee obtains the prior written consent of the Commissioner.

"(c) *Mortgagors owning more than one property.* The mortgagee may accept a deed in lieu of foreclosure in compliance with the provisions of paragraph (a) of this section, from an individual who owns more than one property which is subject to a mortgage insured or held by the FHA if the mortgagee obtains the prior written consent of the Commissioner."