Janice HATCH, Plaintiff and Appellee,

v.

Joell HATCH, Defendant and Appellant.

Civ. No. 910392.

Supreme Court of North Dakota.

May 6, 1992.

Weiss, Wright, Paulson & Merrick, Jamestown, for plaintiff and appellee; argued by Thomas E. Merrick.

Lies, Bullis and Grosz, Wahpeton, for defendant and appellant; argued by Todd A. Muehler.

MESCHKE, Justice.

Claiming his "appearance" required notice before a default divorce decree was entered, Joell Hatch appeals denial of his motion to vacate the default decree for Janice Hatch. We conclude that Joell did not satisfactorily prove that he "appeared" before entry of the default, and we affirm.

Joell and Janice were married in June 1972, and had four children during their marriage. After years of marital discord, Janice sued for divorce on March 29, 1991, by serving Joell with a summons and complaint.

Soon thereafter, Joell moved to Nebraska. The children spent part of the summer visiting Joell. During one visit, their seventeen-year-old daughter, Cassandra, contacted one of Janice's attorneys with some questions for her father. On his own, Joell made no apparent effort to answer or formally respond to the summons and complaint.

In July 1991, Janice's attorneys applied to the trial court for entry of a default decree. Joell was not served with the default application or the notice of hearing, and was not present at the hearing. On August 1, 1991, the trial court granted Janice a default divorce. The decree awarded Janice custody of the children, authorized visitation by Joell, divided property and debts, and ordered Joell to pay a total of $200 per month for child support. On August 16, 1991, notice of entry of the divorce decree was mailed to Joell.

The decree mistakenly stated Joell's obligation for child support as $400 per month, twice that ordered. With mail notice to Joell, Janice promptly moved to correct this mistake, and on September 4, 1991, the trial court issued an amended decree correcting Joell's support obligation to $200 per month. On September 5, 1991, counsel for Janice filed the original application and affidavit for default with the clerk of court. On September 9, 1991, notice of entry of the amended decree was mailed to Joell.

On September 30, 1991, Joell moved to vacate the default divorce decree and served a proposed answer and counterclaim, containing general allegations about marital differences and seeking custody of, and support for, the children. Without explanation, Joell claimed that he had "appeared" and that he should have received notice of the application for default.

Janice's attorneys resisted the motion to vacate, filed their affidavits showing that Joell had never contacted them, and moved to correct yet another clerical mistake. Inadvertently, the application had stated that "Defendant has, however, responded to the receipt of the summons and complaint by contacting plaintiff's attorney," although the affidavit for default swore that no answer "nor appearance in any manner [had been] made by" Joell. Joell resisted the requested correction of the application, but submitted no additional evidence or explanation about his claimed appearance.

Considering the motions together, the trial court approved Janice's motion to correct the application and denied Joell's motion to vacate the default. Joell appeals, arguing that the trial court improperly approved correction of the mistake in the application, that NDRCivP 55(a) compelled notice of the application for default to him since he had "appeared," and that the default decree should be vacated.

■ Joell argues that the application's statement that he contacted Janice's attorney should be treated as an admission, not a mistake. However, "[c]lerical mistakes in ... parts of the records and errors therein arising from oversights or omission" may be corrected by the court at any time, preferably on motion and notice. NDRCivP 60(a). *See Matter of Disciplinary Action Against Wilson*, 461 N.W.2d 105 (N.D.1990). The trial court was convinced by the affidavits that "a clerical error had been made." We conclude that the trial court did not abuse its broad discretion in approving the correction of a clerical mistake in the record.

■ Joell argues that, under NDRCivP 55 on *Default*, his appearance compelled a written notice to him on the application for default. The pertinent parts of NDRCivP 55 say:

> *(a) Entry.* If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate judgment by default in favor of the plaintiff and against the defendant as follows:
>
>    *    *    *    *    *    *
>
> ■ ... If the party against whom judgment by default is sought has appeared in the action, the party (or if appearing by representative, the party's representative) must be served with written notice of the application for judgment at least 8 days before the hearing on the application.
>
>    *    *    *    *    *    *

If a defendant has not plead or otherwise appeared, notice of an application for entry of a default judgment against that defendant need not be given.

■ The concept of "appearance" is defined broadly, and it includes a variety of acts by a defendant that respond to the complaint sufficiently to give the plaintiff or his attorney notice of the defendant's intention to contest the claim. 6 Moore's Federal Practice ¶ 55.05(3), at 55–33 (2d ed. 1992). Joell's motion affidavit states only

that "I contacted [Janice's] attorney with regards to this action and therefore, made an appearance in this action." No details are given about when, where, or how Joell allegedly contacted Janice's attorney.

■ Joell does not claim any personal contact of his own. Joell concedes that the only contact with Janice's attorneys, on his behalf, was actually made by his child, Cassandra. We refuse to recognize an effort by a minor child on behalf of a parent as an "appearance" in a divorce action. Despite liberality in classifying what acts constitute an appearance, NDRCivP 55 is not that elastic. A child should not be made an agent or intermediary for a parent in a divorce action.

■ Joell's affidavit to vacate also claims that "[Janice] and I discussed issues relating to this action with a view towards reaching an amicable settlement." Joell argues that settlement discussions in a divorce constitute an appearance, citing *Wilson v. Wilson*, 364 N.W.2d 113 (N.D.1985). However, no details are given in Joell's affidavit about when, where, or how the claimed discussions took place.

In *Wilson*, the husband and wife continued to live together during the pendency of the wife's divorce action. Eventually, the wife was granted a default divorce without notice to the husband, and the husband sought to vacate the decree. The husband claimed that he had "appeared" because he had continued to live with his wife and to discuss the pending divorce with her for over four months before entry of the default. We concluded that the "very nature of the parties' living arrangement lends itself to interaction between the parties," and we ruled that these circumstances amounted to an appearance by the husband. *Wilson*, 364 N.W.2d at 116. The facts here, however, are different; Joell did not live with Janice while the divorce pended.

Joell has not lived with Janice since December 1990, some months before Janice sued for divorce. Again, Joell's claim of settlement discussions is conclusory, without any details given. *Compare Svard v.*

*Barfield,* 291 N.W.2d 434 (N.D.1980) (Both parties attendance at a well-described meeting with a third party, though without counsel present, to discuss settlement was an appearance that precluded a default judgment without notice.); *Federal Land Bank of St. Paul v. Lillehaugen,* 370 N.W.2d 517, 519 (N.D.1985) ("Maynard's phone call and subsequent visit with the Land Bank officer constituted an appearance within the scope of Rule 55," because "a formal, written document is not required to constitute an appearance under Rule 55"). When the trial court did not, in the exercise of its discretion, recognize Joell's conclusory claim of discussions as an appearance, we too decline to do so.

To relieve a party from a final judgment under NDRCivP 60(b), the movant has the burden of establishing a sufficient reason. *First National Bank of Crosby v. Bjorgen,* 389 N.W.2d 789 (N.D.1986). FedRCivP 55(c) says, "if a judgment by default has been entered, [the court] may likewise set it aside in accordance with Rule 60(b)." 6A Moore's Federal Practice ¶ 60.03(5) explains that this federal rule "is informational in character." The Note to NDRCivP 55 explains that:

> The federal provision [subdivision (c)] for setting aside default was not adopted. See Rule 60(b) regarding relief from a judgment or order.

NDRCivP 60(b) thus guides the procedure for relief from any final judgment, including one entered by default.

Whether particular conduct is an "appearance" for purposes of NDRCivP 55 is a question of law. *Wilson.* "A mere recitation of the grounds set forth to Rule 60(b), N.D.R.Civ.P., without specific details underlying such assertions, is not sufficient to afford relief." *Fleck v. Fleck,* 337 N.W.2d 786, 790 (N.D.1983). An appearance, like any other reason of mistake, inadvertence, surprise, or excusable neglect for relief from a judgment, must be factually demonstrated. *See Fleck.* We conclude that Joell did not prove an appearance in Janice's divorce action and that, under NDRCivP 55, he was not entitled to notice of the application for default. The

trial court did not abuse its discretion in denying Joell relief from the default judgment.

A court is authorized to direct the entry of a default judgment when a party fails to "plead or otherwise appear" and "the fact is made to appear by *affidavit or otherwise.*" NDRCivP 55(a). (Our emphasis). Janice did not file her application and affidavit for default with the clerk of court until September 5, 1991, over a month after the default was entered. For that reason, Joell argues that Janice did not prove the default when the trial court entered it on August 2, 1991. At this stage, Joell seeks to place the proof burden on the wrong back.

Generally, affidavits and other papers for the hearing of a motion should be filed prior to the hearing, but the trial court may allow or direct otherwise. NDRCivP 5(d)(2). If a party fails to timely file motion papers, the trial court may order the papers to be filed forthwith. NDRCivP 5(d)(3). If that order is not obeyed, the court may order unfiled papers "to be regarded as stricken and their service to be of no effect." *Id. Compare,* a precedent before the procedural rules were adopted, *Schaff v. Kennelly,* 61 N.W.2d 538, 543 (N.D.1953) ("We have no statute that requires filing as a condition precedent to the making of a motion.") In denying Joell's motion to vacate, the court explained that, when it granted the default, it was satisfied that Joell "simply failed to answer" or appear. That is enough.

The trial court ruled that Joell "has simply disregarded the legal process which is not excusable neglect." We agree. *See First Federal Savings and Loan Association of Bismarck v. Hulm,* 328 N.W.2d 837, 840 (N.D.1982). The trial court's decision on a motion for relief from a judgment will not be disturbed on appeal unless there is an abuse of discretion. *Bjorgen v. Kinsey,* 466 N.W.2d 553 (N.D. 1991). Joell has not proved that he attempted to secure the assistance of counsel, to otherwise respond to the summons and complaint, or to appear before entry of the default decree. We conclude that Joell

is not entitled to relief from the default divorce decree.

We affirm.

ERICKSTAD, C.J., and MESCHKE, LEVINE, JOHNSON and VANDE WALLE, JJ., concur.