Richard C. THRONDSET, Director, Burleigh County Social Service Board as Assignee for Elisabeth Schulz, Elisabeth Schulz and Julie Lynn Sirek as Guardian Ad Litem for C.S., a Minor Child, Plaintiffs and Appellants,

v.

Jeff HAWKENSON, Defendant and Appellee.

Civ. Nos. 940405, 940408.

Supreme Court of North Dakota.

June 1, 1995.

Sheila K. Keller, Regional Child Support Enforcement Unit, Bismarck, for plaintiffs and appellants.

No appearance by Jeff Hawkenson, pro se.

SANDSTROM, Justice.

Richard Throndset, director of Burleigh County Social Service Board, appeals the district court's decision modifying Jeff Hawkenson's child support payments and arrearages. The district court held the default judgment was illegal because it violated Hawkenson's constitutional rights. We reverse and remand.

I

In July 1990, the Burleigh County Social Service Board began an action against Jeff Hawkenson to establish paternity and collect child support. The board acted as assignee of Hawkenson's child and the child's mother. A Burleigh County deputy sheriff personally served Hawkenson on July 10, 1990. Hawkenson did not respond.

On August 12, 1990, a deputy sheriff personally served Hawkenson with a motion for default judgment and notice of hearing. Hawkenson did not appear. A default judgment was entered August 31, 1990. The district court held Hawkenson was the father and ordered $200 per month in child support.

In September 1993, the district court ordered Hawkenson to show cause why he should not be held in contempt for failing to pay over $8,000 in child support. A judicial referee, appointed under Administrative Rule 13, presided at the hearing. Hawkenson appeared and explained he failed to pay child support because he was in jail until September 1, 1993. The referee found Hawkenson must continue to pay $200 per month in child support, and Hawkenson agreed to pay the arrearages with income tax returns. The district court confirmed the referee's findings and recommendations.

On June 30, 1994, the court ordered Hawkenson to show cause for failure to pay over $9,000 in child support. The judicial referee made essentially the same findings. The district court, with a different judge presiding than in the first show cause hearing, questioned the referee's findings and recommendations. The court issued a memorandum decision and order setting a full hearing.

Following the hearing, the district court issued a supplemental memorandum decision and order. The court confirmed the referee's findings of fact, but held the default judgment illegal as a matter of law. The court held Hawkenson did not earn $900 per month while in jail. The guidelines required a monthly income of $900 per month to award $200 per month in support. The court also found Hawkenson had not been informed of his right to petition for modification of the child support award. The court concluded Hawkenson's constitutional rights of equal protection and due process were violated because of the amount of the award and the failure to inform Hawkenson of his right to petition. The court reduced the support award to $50 per month and retroactively modified the arrearages to one quarter the original amount. The finding of paternity was not disturbed and Hawkenson does not contest it. The board appeals from the supplemental memorandum decision and order.

The appeal was timely under Rule 4(a), N.D.R.App.P. The district court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. § 27–05–06(2). The judicial referee had jurisdiction under N.D.C.C. § 27–05–30(2).

This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–01. The child support order became a judgment by operation of law. *See* N.D.C.C. § 14–08.1–05.

II

The district court accepted the referee's findings of fact, but ruled the default judgment was illegal as a matter of law. The court held the judgment violated Hawkenson's constitutional rights because the amount of child support awarded exceeded the guidelines and because Hawkenson was not notified of his right to petition the court for modification of the award.

When it is a review on the record, the district court reviews the judicial referee's findings of fact under the clearly erroneous standard. *Benson v. Benson*, 495 N.W.2d 72, 77 (N.D.1993). Conclusions of law are fully reviewable. *See In the Interest of K.S.*, 500 N.W.2d 603, 605 (N.D.1993).

We review the correctness of the district court's reversal of any factual findings by a judicial referee under the clearly erroneous standard. *Benson*. We then review the district court's additional or substitute findings under the clearly erroneous standard. *Benson*. A district court's conclusions of law are fully reviewable. *Gabriel v. Gabriel*, 519 N.W.2d 293, 294 (N.D.1994).

## A

The default judgment awarded $200 per month in child support. The district court held this amount was illegal because Hawkenson's income for guideline purposes needed to be $900 per month. The court found this was unlikely if Hawkenson was in jail at the time of the award.

The board's original complaint asked for reimbursement of $313 per month in assistance paid to the mother. The board claimed this was a reasonable amount of support to provide the child with necessities. Hawkenson, failing to appear, presented no evidence of his financial condition.

The public assistance provided to the mother, created a presumption of the amount of child support to be awarded. "Any payment of public assistance money made to or for the benefit of any dependent child creates a presumption that such payment equals the reasonable value of physical and custodial care or support." N.D.C.C. § 14–08.1–01. A person legally responsible for the support of a child, who is not subject to any child support order and fails to provide support, is liable for the "reasonable value of physical and custodial care or support which has been furnished to the child by any ... county social service board." N.D.C.C. § 14–08.1–01. *See Throndset v. Taillon*, 408 N.W.2d 739, 740 (N.D.1987).

The default judgment awarded $200 per month in support and ordered the board be reimbursed $1000, such amount to constitute an arrearage. We cannot say this award was incorrect. The court was faced with uncontroverted evidence of the amount of support necessary. Hawkenson failed to rebut the presumption this amount was correct.

## B

The district court next held the default judgment was illegal because Hawkenson was not informed of his right to petition for modification of the award.

We have found no statute or case law placing an affirmative duty on the board or the court to provide this information. "To seek reduction of child support, the payor must move to modify. An application for a judicial order must be in writing (NDRCivP 7(b)(1)), and, together with a notice of hearing, it must be timely served upon each adverse party. NDRCivP 5(a) and 6(d)." *Gerhardt v. Robinson*, 449 N.W.2d 802, 804 (N.D.1989). The rules of procedure apply equally to defendants acting pro se. *See Gasser v. Gasser*, 291 N.W.2d 272, 274–75 (N.D.1980).

Further, failure to inform a party of the right to petition for modification of the child support is irrelevant to the validity of a preexisting judgment. The information could have only been used to seek to modify, not void, the judgment.

Hawkenson was personally served with the motion for default judgment and he failed to appear. Although Hawkenson may have been in jail during the time, he had an opportunity to "appear" for purposes of Rule 55, N.D.R.Civ.P. This Court has broadly defined appearance under Rule 55 to include any response sufficient to give the plaintiff or his or her attorney notice of an intent to contest the claim. *Hatch v. Hatch*, 484 N.W.2d 283, 285 (N.D.1992). A prisoner has an opportunity to be heard in civil proceedings on parental matters through counsel or by deposition. The prisoner does not have a constitutional right to personally appear at the hearing because these alternatives satisfy due process. *In the Interest of F.H.*, 283 N.W.2d 202, 209 (N.D.1979). We find noth-

ing in the record to indicate Hawkenson requested to appear at the hearing or attempted to notify the board he intended to contest the claim.[1]

■ Hawkenson was properly served, had notice of the hearing, and had an opportunity to be heard. He was not denied his constitutional rights. *See State Bank of Burleigh County Trust Co. v. Patten*, 357 N.W.2d 239, 242 (N.D.1984).

### III

■ The district court, after holding the default judgment illegal, modified Hawkenson's child support payments and arrearages. Hawkenson did not move for modification and previously agreed to pay the arrearages from a lump-sum payment to be received from workers compensation.

■ A child support award set in a default judgment should not be modified by the trial court on its own initiative. *Meadows v. Meadows*, 312 N.W.2d 464, 466 (N.D.1981). If Hawkenson is unable to pay the $200 per month in child support, he can apply to the court for a modification. *Meadows*, at 467. At that time, Hawkenson can introduce evidence of his finances, and the board can introduce its own evidence of Hawkenson's ability to pay.

The amount of child support set in the default judgment is adequately supported by the evidence of public assistance. Hawkenson has failed to supply financial information to rebut the presumptive correctness of the awarded child support. The district court erred in reducing the award.

■ The district court also modified the arrearages to one quarter the original amount. Child support arrearages may not be retroactively modified. *Koch v. Williams*, 456 N.W.2d 299, 302 (N.D.1990); *Meadows*.

### IV

The supplemental memorandum decision and order are reversed. The district court did not confirm the judicial referee's findings and recommendations. We, therefore, remand to the district court for confirmation under Administrative Rule 13.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.

---

1. Hawkenson does not contest the finding of paternity, therefore, N.D.C.C. § 14–17–18(1), right to court-appointed counsel in paternity actions, is not at issue.