2008 ND 96

**STATE of North Dakota, Plaintiff and Appellee**

v.

**$33,000.00 UNITED STATES CURRENCY, Defendant**

and

**Lam Bao Tran, Owner, Defendant and Appellant.**

**No. 20070336.**

Supreme Court of North Dakota.

May 15, 2008.

Gary E. Euren (argued), Assistant State's Attorney, and Charles J. Sheeley (on brief), third-year law student, appearing under the Rule on the Limited Practice of Law by Law Students, Courthouse, Fargo, ND, for plaintiff and appellee.

Brian W. Nelson (argued), Brian W. Nelson & Associates, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Lam Bao Tran, as the owner of $33,000 United States currency, appeals a district court order denying his motion to vacate a default judgment that forfeited $33,000. We affirm.

I

[¶ 2] In July 2007, law enforcement officers searched Tran's residence and seized various controlled substances and $33,000 in cash. The State brought an action for forfeiture of the $33,000, filing a summons and complaint on August 17, 2007. A deputy from the Cass County Sheriff's Office executed a Sheriff's Return, indicating the summons and complaint had been served upon Tran's brother, who lived at Tran's residence, on August 15, 2007. The State

did not serve the summons and complaint upon the attorney the State knew to be representing Tran in the underlying criminal matter. Tran did not reply to the summons and complaint. On September 14, 2007, the State filed an application for default judgment with the district court; neither Tran nor his criminal defense attorney were served with the State's affidavit alleging default. The district court granted the application for default judgment on September 21, 2007. The State mailed Tran and his criminal defense attorney notice of entry of the default judgment on September 26, 2007.

[¶ 3] On October 10, 2007, Tran moved the district court to vacate the default judgment. In his motion to vacate the judgment at the district court, Tran argued he had not yet been officially charged with any crime allegedly related to the money; his attorney for the underlying criminal matter had not been served with the summons and complaint for the forfeiture; the State should have provided Tran's attorney with the summons and complaint under Tran's N.D.R.Crim.P. Rule 16 criminal discovery request; English was not Tran's first language and he did not comprehend the summons and complaint; and the seizure of the cash occurred during an illegal search of Tran's home. For these reasons, Tran argued the default judgment should be vacated.

[¶ 4] The district court denied Tran's motion to vacate the default judgment, finding the forfeiture statute did not require a conviction, preliminary hearing, or arraignment. The district court found service of the summons and complaint was proper, despite the fact that they were written in English, rather than Tran's first language. The district court held the summons and complaint were properly served upon Tran at his residence, rather than upon the attorney representing Tran in the criminal matter. The district court found a N.D.R.Crim.P. Rule 16 discovery request was not tantamount to a discovery request in a related, but separate, civil proceeding and did not constitute an "appearance" for the purposes of Rule 55(a), N.D.R.Civ.P. Finally, the district court found Tran's allegation that his $33,000 had been unlawfully seized under the Fourth Amendment did not affect the State's ability to bring a forfeiture proceeding, and the allegation of illegality was immaterial under a Rule 55(a) analysis.

[¶ 5] On appeal, Tran argues the district court's order denying his motion to vacate the default judgment was an abuse of discretion because Tran appeared in the forfeiture action when his attorney filed a criminal discovery request, making default judgment improper. Tran argues the summons, complaint, and notice of entry of default judgment did not provide sufficient notice. Tran further argues that even if his discovery request did not constitute an appearance for the purposes of default judgment, Tran's reliance on his attorney to take care of matters related to the criminal case would constitute mistake, inadvertence, or excusable neglect. Tran argues he had a meritorious defense to the forfeiture action. For these reasons, Tran argues the district court erred in failing to allow Tran to reopen the default judgment.

II

[¶ 6] "We review the trial court's denial of a motion for relief from a default judgment to determine whether the court abused its discretion." *Citibank v. Reikowski*, 2005 ND 133, ¶ 6, 699 N.W.2d 851 (citing *Fed. Land Bank of St. Paul v. Lillehaugen*, 370 N.W.2d 517, 518 (N.D.1985)). An abuse of discretion occurs when a trial court acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the

law. *Citibank*, at ¶ 6 (citing *US Bank Nat'l Assoc. v. Arnold*, 2001 ND 130, ¶ 21, 631 N.W.2d 150). "Because we prefer decisions on the merits, trial courts should be more lenient when entertaining motions to vacate default judgments as distinguished from judgments entered after a trial on the merits." *Id.* (citing *Suburban Sales & Serv., Inc. v. District Court of Ramsey County*, 290 N.W.2d 247, 252 (N.D.1980); *Perdue v. Sherman*, 246 N.W.2d 491, 495–96 (N.D.1976)). "As *Wilson v. Wilson*, 364 N.W.2d 113 (N.D.1985), indicates, we are more inclined to reverse an order denying vacation of a default judgment than one granting vacation, because we favor trials on the merits." *Workers Comp. Bureau v. Kostka Food Serv., Inc.*, 516 N.W.2d 278, 280 (N.D.1994).

### A

[¶ 7] Under the North Dakota Rules of Civil Procedure, a district court may enter default judgment against a party who fails to plead or "otherwise appear." N.D.R.Civ.P. 55(a). There is no dispute in this case regarding Tran's failure to plead; following the service of the summons and complaint, Tran did not answer within the 20–day time period allotted for answer and did not file any motions for approximately three weeks after the default judgment had been entered. Tran argues, however, that he "otherwise appeared" because he submitted a criminal discovery request in the underlying criminal case.

[¶ 8] Whether an appearance has been made for purposes of Rule 55(a) of the North Dakota Rules of Civil Procedure is a question of law. *Hatch v. Hatch*, 484 N.W.2d 283, 286 (N.D.1992). Questions of law are fully reviewable on appeal. *US Bank Nat'l Assoc. v. Arnold*, 2001 ND 130, ¶ 12, 631 N.W.2d 150. "If the district court's interpretation of disputed facts is not clearly erroneous, we fully review whether the facts support the ultimate legal conclusion of an appearance." *US Bank*, at ¶ 12. Here, there are no disputed facts and therefore no allegation that the district court's factual findings are clearly erroneous. Rather, this issue turns solely on a question of law: whether a Rule 16, N.D.R.Crim.P., discovery request constitutes an appearance for a separate civil forfeiture proceeding.

[¶ 9] An appearance has been defined as "any response sufficient to give the plaintiff or his or her attorney notice of an intent to contest the claim." *Throndset v. Hawkenson*, 532 N.W.2d 394, 397 (N.D. 1995) (citation omitted). Rule 1(b)(4)(B), N.D.R.Crim.P., expressly provides that rules of criminal procedure "do not apply to ... forfeiture of property for violation of a statute of this state." Further, N.D.C.C. § 29–31.1–04(1) provides "[f]orfeiture is a civil proceeding not dependent upon a prosecution for, or conviction of, a criminal offense and forfeiture proceedings are separate and distinct from any related criminal action." Tran's argument that the Rule 16 criminal discovery request constituted an appearance in the "separate and distinct" forfeiture proceeding is incorrect. A discovery request in a related, but separate, criminal proceeding is not a "response sufficient to give the plaintiff or his or her attorney notice of an intent to contest the [civil] claim." *Throndset*, 532 N.W.2d at 397.

[¶ 10] Case law in North Dakota defines appearance broadly, but even so, the appearance must take place in the context of the proceeding at issue; we find no North Dakota case law suggesting that an appearance in a related, but wholly separate, proceeding constitutes an appearance for both proceedings. *See Fed. Land Bank of St. Paul v. Lillehaugen*, 370 N.W.2d 517, 519 (N.D.1985) (finding an

appearance when personal contact was made at the time the defendant visited the plaintiff in person to receive the summons and complaint); *Svard v. Barfield*, 291 N.W.2d 434, 437 (N.D.1980) (concluding a meeting attended by the defendant with the plaintiffs for the purpose of negotiating the dispute involved in the lawsuit was an appearance); *Perdue v. Sherman*, 246 N.W.2d 491, 493 (N.D.1976) (holding a conversation between the defendant and the plaintiff's attorney constituted an appearance).

[¶ 11] The criminal discovery request shows Tran's intent to contest or participate in the resolution of the criminal charges, but does not put the State on notice that Tran intended to contest the civil forfeiture action. Because civil forfeiture proceedings are separate and distinct from the related criminal charges, the district court did not err in finding Tran's Rule 16, N.D.R.Crim.P., discovery request did not constitute an appearance under Rule 55(a), N.D.R.Civ.P.

B

[¶ 12] A motion to vacate a judgment under N.D.R.Civ.P. 60(b)(i) lies within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal unless the court abused its discretion. *Gepner v. Fujicolor Processing, Inc.*, 2001 ND 207, ¶ 13, 637 N.W.2d 681 (citations omitted). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.* "A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Id.*

[¶ 13] Tran argues that because he is only semi-literate and he had retained and was relying upon his counsel for the underlying criminal matter, his failure to read and respond to the complaint constitutes excusable neglect, inadvertence, or mistake. Tran argues he is therefore entitled to vacate the default forfeiture judgment. In his brief, Tran concedes the summons and complaint were properly served upon him because these documents were served on Tran's brother at Tran's residence. However, Tran argues he "assumed if any papers were served involving [Tran] then his attorney would receive them and take care of all matters." Tran does not argue that his attorney had been retained for the civil forfeiture action and that attorney error was the sole cause of the entry of default judgment, which may have provided Tran relief from the judgment under Rule 60(b). *See Beaudoin v. So. Texas Blood & Tissue Ctr.*, 2005 ND 120, ¶ 36, 699 N.W.2d 421 ("Although the district court is correct in noting we are reluctant to attribute a third-party's errors to an innocent defendant, this fact does not foreclose N.D.R.Civ.P. 60(b)(i) relief when a defendant has personally erred."); *CUNA Mortgage v. Aafedt*, 459 N.W.2d 801, 803 (N.D. 1990) (citing *King v. Montz*, 219 N.W.2d 836, 839–40 (N.D.1974)) (finding a movant's "failure to timely respond was the result of lawyer error, which we are reluctant to attribute to a client who has not been personally negligent").

[¶ 14] The fact that Tran ignored the summons and complaint, properly served upon him, does not constitute excusable neglect, inadvertence, mistake, or surprise under Rule 60(b)(i), N.D.R.Civ.P. "'A simple disregard of legal process is, of course, not excusable neglect under the rule.'" *Royal Indus., Inc. v. Haugen*, 409 N.W.2d 636, 638 (N.D.1987) (quoting

*Bender v. Liebelt,* 303 N.W.2d 316, 318 (N.D.1981)). In *Royal Industries, Inc. v. Haugen,* this Court explained a district court did not abuse its discretion in denying a Rule 60(b)(i) motion to vacate when the party moving to vacate default judgment

> completely disregarded service of process, without seeking legal advice, based upon a mere assumption that the matter would be handled in bankruptcy court and that the court would not allow entry of judgment against him personally. We conclude that the trial court did not abuse its discretion in denying the motion.

409 N.W.2d at 638. Like the party moving to vacate default judgment in *Royal Industries,* Tran completely disregarded service of process and failed to seek the advice of counsel because he assumed his criminal defense attorney would "take care of all matters." Tran's disregard of service does not constitute excusable neglect under Rule 60(b)(i). *Id.* Tran did not review the documents. Nor did he immediately seek the advice of his attorney and timely submit the documents to his attorney for review. The district court did not abuse its discretion in denying Tran's motion to vacate on this ground.

### C

[¶ 15] Unlike Tran, the movant in *Royal Industries* was a literate and "experienced businessman." *Id.* Tran argues the judgment should be vacated because the summons and complaint were served in English, which is not his first language. Tran argues he did not have "actual knowledge and comprehension" of the contents of the summons and complaint, and his lack of ability to understand the contents is a ground to vacate the judgment under Rule 60(b), N.D.R.Civ.P.

[¶ 16] Tran does not cite any law in North Dakota that would require the State to write a summons and complaint in his primary language, Vietnamese, rather than English. Because there is no law supporting this argument, the district court did not abuse its discretion in denying the motion to vacate on this ground. The district court did not act in an arbitrary, unreasonable, or unconscionable manner, and its decision regarding the use of English in the summons and complaint was "the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Gepner v. Fujicolor Processing, Inc.,* 2001 ND 207, ¶ 13, 637 N.W.2d 681. The district court considered and analyzed Tran's argument, but Tran did not present the district court with any law that would support the necessity of serving him in Vietnamese. The district court did not abuse its discretion in denying the motion to vacate on this ground, because the "facts and law relied upon are stated and considered together" in denying Tran's motion. *Gepner,* at ¶ 13.

### D

[¶ 17] Tran next argues he asserted a meritorious defense, which under N.D.R.Civ.P. 60(b) constitutes a ground to vacate the default judgment against his $33,000. "When a defaulting party has a meritorious defense and timely seeks relief, 'doubt, if any, should be resolved in favor of the motion to set aside the judgment.'" *Murdoff v. Murdoff,* 517 N.W.2d 402, 404 (N.D.1994) (quoting *CUNA Mortgage,* 459 N.W.2d at 803). North Dakota did not adopt the F.R.Civ.P. 55(c), which is the federal rule for setting aside a default judgment if the movant can show a meritorious defense. *See* N.D.R.Civ.P. 55, Explanatory Note. Instead, North Dakota permits a party mov-

ing to vacate judgment to raise a meritorious defense under Rule 60(b), N.D.R.Civ.P. N.D.R.Civ.P. 55, Explanatory Note. Interpretations of the Federal Rules of Civil Procedure are not binding, but are considered persuasive, when interpreting similar North Dakota Rules of Civil Procedure. *E.g.*, N.D.R.Civ.P. 1, Explanatory Note. Therefore, the federal interpretation of F.R.Civ.P. 55(c), with regard to stating a meritorious defense to set aside a default judgment, is helpful in discerning what is required for such a defense in North Dakota.

[¶ 18] Generally, under F.R.Civ.P. 55(c), the party moving to set aside the judgment must not only state the basis of the meritorious defense, but must deliver something more than "[a] mere conclusory statement that such a defense exists" and such a conclusory statement, without more "will generally be regarded as insufficient for this purpose." 29 A.L.R. Fed. 7, at § 6(a) (1976). *See also* 49 C.J.S. *Judgments* § 405 (1997) ("The requisite meritorious defense must be set forth in sufficient detail . . . to permit the court to determine whether or not it is meritorious and sufficient. . . . The allegations set forth to establish a meritorious defense, for the purpose of setting aside a default judgment, must be more than bare legal assertions; they must counter the allegations in the complaint with specific legal grounds substantiated by a basis of credible fact.").

[¶ 19] Tran argues his two meritorious defenses are (1) the alleged illegality of the search and seizure leading to the forfeiture and (2) Tran earned and kept the money not in connection with any drug transaction. In stating these defenses, both in the affidavit he submitted to the district court and in his appellate brief, Tran does not provide specific, credible fact regarding the alleged illegality of the warrant.

He merely states, in his affidavit accompanying his motion to vacate judgment, the "money was taken as a result of an illegal search and seizure which was in excess of the warrant." His brief repeats this position and does not deliver additional factual details regarding the alleged illegality of the search warrant. Regarding the defense that the money was not made or kept in connection with any drug transaction, Tran states, "I have earned this money over the years." Tran did not provide additional facts in his motion to vacate or in his appeal to substantiate this defense. Tran has not provided enough credible facts or specific legal grounds to vacate the judgment. While we recognize that if there is any doubt that the defenses may prevail, the judgment should be vacated, *Murdoff*, 517 N.W.2d at 404 (citations omitted), Tran has provided nothing more than bare assertions, which do not give rise to an allegation of a meritorious defense under N.D.R.Civ.P. 60. The district court did not err in denying Tran's motion to vacate on these grounds.

[¶ 20] We affirm the order of the district court.

[¶ 21] MARY MUEHLEN MARING and DANIEL J. CROTHERS, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 22] I reluctantly agree with the result reached by the majority opinion. I write to note that it is unfortunate our rules do not require service of the motion for default judgment upon a defendant who has not appeared. Under Article VI, § 3 of the North Dakota Constitution, this Court has the authority to promulgate rules of procedure. A proposal to amend N.D.R.Civ.P. 55 to require service of the motion on the defendant regardless of whether or not there has been an appearance has been rejected for reasons which I

do not understand. Over the years there have been several cases in which this Court has struggled with whether or not an appearance has been made in an action such as to require service of a motion for default. *E.g., Throndset v. Hawkenson,* 532 N.W.2d 394 (N.D.1995); *Hatch v. Hatch,* 484 N.W.2d 283 (N.D.1992); *Wallwork Lease & Rental Co. v. Schermerhorn,* 398 N.W.2d 127 (N.D.1986); *Federal Land Bank v. Lillehaugen,* 370 N.W.2d 517 (N.D.1985); *Svard v. Barfield,* 291 N.W.2d 434 (N.D.1980); *Perdue v. Sherman,* 246 N.W.2d 491 (N.D.1976).

[¶ 23] If the reason for opposing the requirement to serve the application for default is cost or inconvenience, the time, effort and money expended by the parties at the trial court level on the motion to vacate the default judgment and the time, effort and money expended in this court on the appeal from the order on the motion or on the appeal from the default judgment far outweigh the cost and inconvenience of mailing a notice of motion for default judgment to the defendant. That is especially true when this Court ultimately decides notice of application for default judgment should have been given and the matter is remanded to the trial court. *E.g., Svard v. Barfield.*

[¶ 24] I cannot speak for my colleagues who have not joined this writing. But I believe we could better use our time dealing with matters of substance rather than deciding whether or not a default judgment should have been vacated because a telephone call was an appearance, *Perdue v. Sherman,* a meeting in a restaurant was an appearance, *Svard v. Barfield,* or whether notice should have been given for some other reason, particularly when a simple rule change could avoid many of those issues with seemingly little cost or inconvenience to the plaintiff and save the plaintiff the much greater cost of defend-

ing an expensive appeal even when the plaintiff prevails on appeal.

[¶ 25] If the reason for not requiring the plaintiff to serve notice of motion for default on the defendant is a fear the defendant might then appear with a meritorious defense, I firmly disagree with that reason. It flies in the face of our often expressed position that we prefer decisions on the merits, *Perdue v. Sherman,* and, if that is the reason, it does not reflect well on our system of justice.

[¶ 26] I understand the belief that a defendant properly served with the summons and complaint who purposefully chooses not to answer should not be given another opportunity to defend. On the other hand not all failures to answer are purposeful and requiring service of the application for default judgment would serve to distinguish between the purposeful and the unwitting, unknowing or, yes, negligent failure to respond to the summons and complaint. Although requiring service of the motion for default judgment might also give the scofflaw another opportunity to appear and respond, that is preferable to me if the alternative is denying the unwitting, unknowing or negligent the opportunity to advance their defense to the complaint.

[¶ 27] Of course, Rule 55 does not prohibit the plaintiff from serving notice of the motion for default judgment on a defendant who has not appeared, and I expect many lawyers representing plaintiffs do serve the notice to avoid the expense and delay of dealing with the issues raised by this appeal or the issues in the cases cited above. Unfortunately the plaintiff in this case chose not to serve notice of the motion and that notice may have avoided this appeal. If our rule required service Tran might have made the appearance to present the defense he now asks us to allow him to do. On the other hand he

might not have responded to the notice of application for default. However, the failure to appear after service of the application for default judgment makes a much less compelling case.

[¶ 28] Nevertheless, there was no appearance in this instance, even under our liberal interpretation of what constitutes an appearance for purposes of requiring service of notice of the motion for default judgment. In view of the current status of our rule I must agree with the conclusion reached by the majority opinion.

[¶ 29] Under the circumstances of this case had I been the trial judge I might nevertheless have granted the motion to vacate the default judgment for the reasons urged by Tran. But, I was not the trial judge and, under our standard of review, I cannot conclude there was an abuse of discretion by the trial judge in this case.

[¶ 30] GERALD W. VANDE WALLE, C.J.

SANDSTROM, Justice, concurring specially.

[¶ 31] The State did not serve Tran or his criminal defense attorney with the application for default, but both were subsequently served with the notice of entry of default judgment. Under N.D.R.Civ.P. 55, the State was not required to serve the application for default judgment upon Tran or his criminal defense attorney. Such service upon both Tran and his attorney, however, is not barred by any procedural or ethical rule when the attorney is known to be representing the party in a related criminal proceeding. While the State is not required to serve the application for default judgment, it is not prohibited from serving these documents on both the defendant and the defendant's attorney. Because serving the application for default judgment upon both Tran and his

attorney would provide additional notice of the State's claim, the State should serve the application for default judgment under similar circumstances even though it is not required under N.D.R.Civ.P. 55.

[¶ 32] The actions of the State in this case may be perceived as "sharp practice" and thus tend to undercut respect for the rule of law.

[¶ 33] Dale V. Sandstrom