2009 ND 84

**Candace E. LUGER, Joan M. Netterville, Mary P. Swallow, Lisa S. Kampeska, and Jeffrey Kurt Luger, Plaintiffs and Appellees**

v.

**Robert LUGER and Raymond Luger, Defendants and Appellants.**

No. 20080194.

Supreme Court of North Dakota.

May 14, 2009.

Steven L. Latham, (appeared), and James W. Martens, (argued), Larson Latham Bliss Huettl, LLP, Bismarck, N.D., for plaintiffs and appellees.

Thomas D. Kelsch, (argued), and Arlen M. Ruff, (on brief), Kelsch, Kelsch, Ruff & Kranda, Mandan, N.D., for defendants and appellants.

SANDSTROM, Justice.

[¶ 1]   Robert Luger and Raymond Luger appeal from a district court amended judgment and from an order denying their Rule 60(b) motion to vacate the court's default judgment, which held that the district court had subject matter and personal jurisdiction and that its default judgment was within the prayer for relief requested in the complaint.  We affirm the jurisdiction of the district court and the default of the defendants, reverse the award of money damages, and remand with directions that the default judgment be modified.

I

[¶ 2]   The parties, who are enrolled members of the Cheyenne River Sioux Tribe, are siblings and partners in the Luger Ranch Land Partnership, a North Dakota general real estate partnership which owns and manages 7,170.42 acres on the Standing Rock Sioux Indian Reservation.  Only the defendants reside on the Standing Rock Reservation.

[¶ 3]   The partnership was established in 1995 after Thelma Luger (the parties' mother) wanted to formalize the business relationship she and her children had regarding management and rental of the family's real estate in Sioux County.  Thelma Luger, acting as personal representative of the estate of her late husband, deeded the land to the partnership.  As

originally organized, Thelma Luger owned 30 percent of the partnership, and her children each owned 8.75 percent. Later, Thelma gave her interest in the partnership to the children, resulting in each holding an equal one-eighth interest.

[¶ 4] Because the defendants had managed the partnership's property without accounting for the partnership's income to the other partners, in 2004, a management committee elected by a 75 percent majority under the partnership agreement requested an accounting of partnership income from the defendants. Robert Luger and Raymond Luger failed to respond, and the plaintiffs sued, alleging Robert Luger and Raymond Luger used the partnership property as their own, receiving all government payments, crop proceeds, and third-party pasture rental receipts, with no accounting to the other six partners. Later, one of the six original plaintiffs expressed his intent to withdraw, and the district court dismissed his claim against Robert Luger and Raymond Luger without prejudice. In March 2007, the district court entered a default judgment after Robert Luger and Raymond Luger failed to respond to the plaintiffs' motion for default judgment. In October 2007, Robert Luger and Raymond Luger moved to vacate the amended default judgment under Rule 60(b) on the basis that through mistake, inadvertence, or excusable neglect, they failed to answer the complaint; the judgment grants relief not prayed for in the complaint; the amount in the judgment is clearly excessive; and the plaintiffs violated the terms and conditions of the partnership agreement by failing to submit their dispute to arbitration. At a January 2008 hearing, the district court ordered the parties to submit simultaneous briefs regarding the issue of subject matter and personal jurisdiction. The district court then denied the defendants' Rule 60(b) motion to vacate, holding that the district court had subject matter jurisdiction over the suit and personal jurisdiction over the defendants and that the judgment is just, appropriate, and within the prayer for relief requested in the complaint. An amended judgment was entered in July 2008.

[¶ 5] This appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] A district court's decision on a Rule 60(b) motion to vacate a default judgment is reviewed under an abuse of discretion standard. *State v. $33,000.00 United States Currency*, 2008 ND 96, ¶ 6, 748 N.W.2d 420. A district court abuses its discretion when it acts arbitrarily, unreasonably, or unconscionably, or when it misinterprets or misapplies the law. *Id.*

## III

[¶ 7] Robert Luger and Raymond Luger argue the district court lacked subject matter and personal jurisdiction in this case because they are enrolled members of the Cheyenne River Sioux Tribe, residing on the Standing Rock Reservation.

### A

[¶ 8] A state court will not have jurisdiction over a claim when it undermines tribal authority. *Winer v. Penny Enterprises, Inc.*, 2004 ND 21, ¶ 11, 674 N.W.2d 9. " 'A [state] court has subject matter jurisdiction over an action if the constitution and the laws authorize that court to hear the type of cases to which the particular action belongs.' " *Bolinske v. Herd*, 2004 ND 217, ¶ 8, 689 N.W.2d 397 (quoting *Larson v. Dunn*, 474 N.W.2d 34, 38 (N.D.1991)). Subject matter jurisdiction for North Dakota district courts is

established in N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06.

[¶ 9] "Indian tribes are 'domestic dependent nations'" with attributes of sovereignty, meaning they are distinct, independent political communities with the power of regulating their internal and social relations. *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991); *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). "As to nonmembers … a tribe's adjudicative jurisdiction does not exceed its legislative jurisdiction." *Strate v. A–1 Contractors,* 520 U.S. 438, 453, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997). United States Supreme Court case law establishes that "absent express authorization by federal statute or treaty, tribal jurisdiction over the conduct of nonmembers exists only in limited circumstances." *Strate,* 520 U.S. at 445, 117 S.Ct. 1404. In *Montana v. United States,* 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), the Supreme Court established the general rule that "the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." 450 U.S. at 565, 101 S.Ct. 1245. Two exceptions to this general rule were also established. First, "[a] tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealings, contracts, leases, or other arrangements." *Id.* Second, the Court stated: "A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Id.* at 566, 101 S.Ct. 1245.

[¶ 10] In *Nevada v. Hicks,* 533 U.S. 353, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001), Justice Souter clarified in his concurrence that although the *Montana* Court referred to "nonmembers" and "non-Indians" interchangeably, the relevant distinction in determining the inherent tribal civil jurisdiction with respect to the status of individuals is between tribal members and non-members. 533 U.S. at 377 n. 2, 121 S.Ct. 2304. In *Zempel v. Liberty,* 2006 MT 220, 333 Mont. 417, 143 P.3d 123, the Montana Supreme Court clarified that "for the purposes of a tribal civil jurisdiction analysis, the term 'non-member' encompasses anyone who is not a member of the tribe at issue, including Indians who are members of a different tribe, as well as Indians who are not members of any tribe." *Liberty,* at ¶ 27.

[¶ 11] Here, the parties are non-members of the Standing Rock Reservation. As such, for the district court to lack jurisdiction over this lawsuit, one of the two *Montana* exceptions must apply. The conduct at issue here is Robert Luger's and Raymond Luger's failure to comply with a request for accounting of partnership income and assets over a six-year period. There is no evidence that the partnership or the partners have entered into any relationships with the tribe or its members pertinent to this lawsuit. Moreover, the subject matter of this lawsuit does not involve conduct that threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the Standing Rock Sioux Indian Reservation. Therefore, as non-members, the defendants wrongly allege the district court lacked subject matter jurisdiction over this matter. "'Members of tribes are citizens of the United States and of the state in which they reside and thus have the right to bring actions in state court.'" *Roe v. Doe,* 2002 ND

136, ¶ 20, 649 N.W.2d 566 (quoting *State v. Zaman,* 190 Ariz. 208, 946 P.2d 459, 462 (1997)). The district court did not abuse its discretion when it denied the defendants' Rule 60(b) motion to vacate the default judgment on the basis that it had subject matter jurisdiction.

### B

[¶ 12] The district court further held it had personal jurisdiction over the defendants. Analysis of a district court's ruling regarding personal jurisdiction is a question of law, which we consider under the de novo standard of review. *Bolinske v. Herd,* 2004 ND 217, ¶ 7, 689 N.W.2d 397. "If the defendant challenges the court's jurisdiction, the plaintiff bears the burden of proving jurisdiction exists." *Id.*

[¶ 13] The personal jurisdiction of a North Dakota court is set forth in N.D.R.Civ.P. 4(b). In *Ensign v. Bank of Baker,* this Court stated, " 'A court has personal jurisdiction over a person if the person has reasonable notice that an action has been brought and sufficient connection with the forum state to make it fair to require defense of the action in the state.' " 2004 ND 56, ¶ 9, 676 N.W.2d 786 (quoting *Larson v. Dunn,* 474 N.W.2d 34, 38–39 (N.D.1991)). An action for accounting is regarded as personal in nature; therefore, the residence of the partners, not the location of partnership assets, is important for personal jurisdiction purposes. *First Nat'l Bank of Belfield v. Candee,* 488 N.W.2d 391, 396–97 (N.D.1992) (citing *De Licea v. Reyes,* 87 Ill.App.3d 704, 43 Ill.Dec. 179, 410 N.E.2d 179 (1980)).

[¶ 14] Here, although Robert Luger and Raymond Luger reside on the Standing Rock Reservation, they cannot benefit from the principle that states, " 'a reservation Indian's domicile on the reservation is not an in-state contact which grants jurisdiction to state courts,' " because they are not enrolled members of that reservation. *Byzewski v. Byzewski,* 429 N.W.2d 394, 397 (N.D.1988) (quoting *State ex rel. Flammond v. Flammond,* 190 Mont. 350, 621 P.2d 471, 473 (1980)). "[Indians who are not members of the reservation on which they reside] are citizens of the State . . . ." *Washington v. Confederated Tribes of the Colville Indian Reservation,* 447 U.S. 134, 186, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980) (Rehnquist, J., concurring). Therefore, even if an Indian reservation constitutes a dependent sovereign nation separate from a state, Robert Luger and Raymond Luger are not "out-of-state" defendants. Moreover, Robert Luger and Raymond Luger were personally served the summons and complaint by the Sioux County Sheriff on December 30, 2005, and January 3, 2006.

[¶ 15] The district court did not abuse its discretion by holding that it had personal jurisdiction over the defendants and consequently denying their Rule 60(b) motion to vacate the default judgment.

### IV

[¶ 16] Robert Luger and Raymond Luger argue that because the district court erroneously ordered a monetary default judgment, it abused its discretion in denying their Rule 60(b) motion to vacate the default judgment.

[¶ 17] In their complaint, plaintiffs alleged defendants, in effect, used the partnership property as their own and failed to account for the profits to them. The complaint did not request damages; instead, the complaint requested the following relief: (1) an order compelling an accounting of partnership income and assets for the six years preceding the action and reference to a special master for that purpose; (2) an order charging against Robert Lu-

ger's and Raymond Luger's share of partnership profits and in favor of their partners for any sums found to be due by virtue of the accounting; (3) an order providing that attorneys' fees and other expenses be paid by the partnership; and (4) such other and further legal and equitable relief deemed just and proper.

[¶ 18] In support of their motion for default judgment requesting damages on the basis of the defendants' failure to account, the plaintiffs filed an affidavit of proof as to the reasonable rental values of the land for the six years relevant in this action. The plaintiffs argue the district court correctly awarded a monetary judgment under the general prayer for "other and further legal and equitable relief the court may deem just and proper." The question is whether awarding monetary damages, when no specific demand was originally made, was proper.

[¶ 19] A district court is limited in its discretion to fashion an appropriate award as part of a default judgment. Rule 54(c) of the North Dakota Rules of Civil Procedure states:

A judgment by default may not be different in kind from or exceed the amount prayed for in the demand for judgment. *Except as to a party against whom a judgment is entered by default,* every final judgment must grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in the pleadings.

(Emphasis added.) We have previously recognized that N.D.R.Civ.P. 54(c) protects the defaulting party because "it would be fundamentally unfair to give greater or different relief from that prayed for." *Vande Hoven v. Vande Hoven,* 399 N.W.2d 855, 859 (N.D.1987) (citations omitted). This is in line with the belief that an award of a default judgment differ-

ent in kind from or exceeding the amount prayed for denies the defendant due process by failing to provide notice of the scope of the claim. *Meindl v. Genesys Pacific Technologies, Inc.,* 95 Hawai'i 33, 18 P.3d 895, 900 (2001) (" '[I]t would be fundamentally unfair to give greater or different relief from that prayed for since a defaulting defendant may have relied on the relief requested in the complaint in deciding not to appear and defend the action.' " (quoting *Bank of Hawaii v. Horwoth,* 71 Haw. 204, 787 P.2d 674, 680 (1990) (citation omitted))).

[¶ 20] Cases in which a default judgment was entered for a relief not specifically asked for in the complaint are cases in which the relief was not considered to be "different" from or "greater" than what was originally asked for in the complaint. *See, e.g., Vande Hoven,* 399 N.W.2d at 859–60 (a motion seeking a change of custody was sufficient to apprise the defaulting party of possible modification of the moving party's visitation rights and assessment against the defaulting party of transportation costs to facilitate visitation). In *Lang v. Wonnenberg,* 455 N.W.2d 832 (N.D.1990), this Court reversed an award of exemplary damages when those damages had not been sought in the complaint. The Court in *Lang* was not convinced "the matter of exemplary damages and the facts upon which the plaintiffs intended to rely were set forth in the complaint sufficiently to give notice to [the defendant] of the facts upon which plaintiffs intended to rely." *Lang,* 455 N.W.2d at 842.

[¶ 21] This case is more similar to the *Lang* case than to the line of cases illustrated by *Vande Hoven.* Here, the complaint did not request damages either specified or unspecified; instead, it requested pure equitable relief—an accounting, appointment of a special master in accordance with N.D.R.Civ.P. 53, and

a charging order in accordance with the accounting results. Nothing in the complaint apprised Robert Luger and Raymond Luger of a possible monetary judgment in the absence of such accounting, let alone for their *failure* to account, which was the reason given by the district court for granting the monetary default judgment.

[¶ 22] Here, the judgment is not only different in kind from the original prayer for relief, but also awards a relief not requested in the complaint, relief which cannot be considered to be encompassed in it. Therefore, the district court erred in granting a monetary judgment for damages incurred by the plaintiffs from the failure to account attributed to Robert Luger and Raymond Luger, and abused its discretion when it denied the defendants' Rule 60(b) motion to vacate the default judgment. We vacate the monetary judgment and remand with direction for the district court to enter a default judgment granting the relief requested in the complaint.

[¶ 23] In view of our disposition of the monetary-judgment issue, the remaining issues raised by Robert Luger and Raymond Luger are moot. "Matters which are not necessary to a determination of a case need not be considered." *Nielsen v. Neuharth*, 331 N.W.2d 58, 61 (N.D. 1983).

## V

[¶ 24] For the reasons stated, we affirm the district court's jurisdiction and the defendants' default, but reverse the order and amended judgment with respect to the monetary damages and remand for further proceedings consistent with this opinion.

[¶ 25] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS,

MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.