Filed 11/15/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 212

Joan Marie Warnke, Plaintiff and Appellee

v.

David Brian Warnke, Defendant and Appellant

No. 20110023

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Debbie Gordon Kleven, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Clint D. Morgenstern (argued) and Thomas V. Omdahl (on brief), 424 DeMers Avenue, Grand Forks, ND 58201, for plaintiff and appellee.

DeWayne A. Johnston (argued), 221 South 4th Street, Grand Forks, ND 58201, for defendant and appellant.

Warnke v. Warnke

No. 20110023

Kapsner, Justice.

[¶1] David Brian Warnke appealed the district court order denying his motion to vacate a default divorce judgment from Joan Marie Warnke.  On appeal, David Warnke argued the district court abused its discretion in denying his motion to vacate the default judgment, because he appeared in the district court but did not receive adequate notice of the second hearing.  David Warnke also argued the district court failed to obtain evidence a default judgment was appropriate and failed to equitably distribute the marital property.  The district court did not abuse its discretion in denying David Warnke’s motion to vacate the default judgment, and we affirm.

I

[¶2] Joan Warnke filed a summons and complaint for divorce from David Warnke.  David Warnke admitted personal service of the summons and complaint.  David Warnke did not file an answer to Joan Warnke’s complaint, and Joan moved for a default judgment.  David Warnke appeared in the district court for the first hearing on the motion for default.  The district court told the parties to continue to work toward a settlement, and if they could not reach one, the court told David Warnke he would need to file an answer or face a default judgment.  Joan Warnke proposed a stipulated judgment, but according to her affidavit, David Warnke did not agree with the stipulation because he wanted to submit a new pay stub for the purpose of calculating child support.  David Warnke never signed the stipulation and did not submit a new pay stub.  A month after the first default hearing, Joan Warnke sent David Warnke a notice for a second default hearing.  David Warnke did not appear at the second default hearing.  Joan Warnke testified at the hearing, and the district court entered a default divorce judgment.  The district court awarded Joan Warnke primary residential responsibility of the parties’ children, set David Warnke’s child support obligation, and divided the marital property and debts.  David Warnke subsequently filed a motion to vacate the default divorce judgment, stating he had believed the parties were still working toward a settlement, and he never received the notice for the second hearing.  The district court denied the motion to vacate, finding David Warnke received notice of the second default hearing, and there were no grounds to vacate the default judgment.

II

[¶3] David Warnke argues the district court abused its discretion in denying his N.D.R.Civ.P. 60(b) motion to vacate the default divorce judgment, because he appeared in the district court but did not receive adequate notice under N.D.R.Civ.P. 55(a)(3).

[¶4] “A district court’s decision on a Rule 60(b) motion to vacate a default judgment is reviewed under an abuse of discretion standard.”  
Luger v. Luger
, 2009 ND 84, ¶ 6, 765 N.W.2d 523 (citing 
State v. $33,000.00 United States Currency
, 2008 ND 96, ¶ 6, 748 N.W.2d 420).  “A district court abuses its discretion when it acts arbitrarily, unreasonably, or unconscionably, or when it misinterprets or misapplies the law.”  
Id.

[¶5] The district court found David Warnke had appeared in the case.  “If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with a motion for judgment.  Notice must be served with the motion and must comply with N.D.R.Ct. 3.2(a).”  N.D.R.Civ.P. 55(a)(3).  A default judgment entered in violation of Rule 55 is voidable by the defaulting party.  
State ex rel. N.D. Dep’t of Labor v. Riemers
, 2008 ND 191, ¶ 17, 757 N.W.2d 50 (citing 
Federal Land Bank of St. Paul v. Lillehaugen
, 370 N.W.2d 517, 519 (N.D. 1985)).  David Warnke argued he did not receive notice of the hearing because the notice of default was sent to the wrong address.

[¶6] David Warnke attended the first default hearing.  The district court told the parties they would have an additional month to attempt to reach a stipulation, and if they did not, Joan Warnke could send another notice for a second default hearing.  The district court told David Warnke there would probably be a default judgment unless the parties reached an agreement, or unless he filed an answer to Joan Warnke’s complaint.  A month later, Joan Warnke mailed David Warnke a notice for a second default hearing to the same address all other mailings had been sent.  The record shows David Warnke’s mail was addressed to “Campbell Avenue,” but David Warnke said his address was actually on “Campbell Drive.”  David Warnke admitted in his affidavit in support of his motion to vacate judgment:  “That I received a motion for default judgment and notice of hearing scheduled for June 28, 2010[.]” The affidavit of service of that notice shows that it was mailed to the same Campbell Avenue address as the later hearing notice.

[¶7] In the district court’s Order Denying Defendant’s Motion To Vacate Default Judgment, the court stated:

[T]his Court finds the evidence establishes that Defendant actually received all documents sent to him by mail despite the fact the notices were sent to Campbell Avenue rather than Campbell Drive.  Defendant appeared at the scheduling conference even though the notice was mailed to Campbell Avenue.  He acknowledged in his letter to the Court of September 20, 2010, that he received the notice of the August 16, 2010, hearing that was mailed to him at an address on Campbell Avenue.  Further, none of the notices sent by either the Court or by Mr. Omdahl were ever returned to the sender by the United States Post Office as undeliverable.  This Court concludes that the evidence establishes Defendant was properly served with notice of the default hearing held on August 16, 2010.

[¶8] There is a rebuttable presumption that “a letter duly directed and mailed was received in the regular course of the mail.”  N.D.C.C. § 31-11-03(24).  When the presumption has been contradicted by other evidence, the issue of actual notice is for the trier of fact to decide.  
Rojas v. Workforce Safety & Ins.
, 2005 ND 147, ¶ 13, 703 N.W.2d 299 (citing 
State v. Tininenko
, 371 N.W.2d 762, 766 (N.D. 1985) (Meschke, J., specially concurring)).  The notice of the second hearing was not “duly directed” in the sense that the address referred to “Avenue” rather than “Drive,” but otherwise was correctly addressed and sent to the same address at which David Warnke had been notified of a previous hearing at which he appeared.  The court considered evidence of receipt.  The district court did not err in finding David Warnke actually received notice of the hearing for default, and the court did not abuse its discretion in refusing to vacate the default judgment.

III

[¶9] David Warnke argued the district court failed to obtain evidence Joan Warnke was entitled to the default divorce judgment.

[¶10] The court may direct entry of default judgment against a party who has failed to plead or otherwise appear.  N.D.R.Civ.P. 55(a).  “[T]he court, before directing the entry of judgment, must require the necessary proof to enable it to determine and grant any relief to the plaintiff.”  N.D.R.Civ.P. 55(a)(2).  “The trial court has broad discretion in determining the quality of proof necessary to support granting a default judgment.”  
Bell v. State
, 1998 ND 35, ¶ 11, 575 N.W.2d 211 (citing 
Overboe v. Odegaard
, 496 N.W.2d 574, 578 (N.D. 1993)).

[¶11] Joan Warnke’s attorney told the district court at the second hearing for default that he made changes to the proposed stipulated judgment after the first hearing for default, but David Warnke did not contact him to sign the stipulated judgment.  In his motion to vacate the default judgment, David Warnke stated he did not agree with the stipulated judgment and was waiting for new terms when the district court entered the default judgment.  Joan Warnke and her attorney stated in affidavits in response to the motion to vacate the default judgment that David Warnke disagreed only with the child support obligation amount and wanted to submit a new pay stub to calculate his support obligation.  The record shows David Warnke did not take any action after the first hearing for default where the district court told him he needed to work out a stipulation with Joan Warnke or submit an answer to her complaint.  At the second hearing for default, the district court heard testimony from Joan Warnke on the terms of the proposed stipulation and her understanding of the parties’ agreement on the terms.  Joan Warnke testified about some of the facts of the parties’ marriage to support the divorce judgment.  Joan Warnke testified about the length of the parties’ marriage, the reasons she sought divorce, the parties’ property and debt, the parties’ employment, how many children the parties had and their ages, and the parenting time schedule the parties had been using.  Joan Warnke submitted the parties’ property and debt listing to the district court, which had been signed by both parties.  Joan Warnke testified the child support obligation she requested was based upon David Warnke’s income from the prior year according to his W-2 form, but he never submitted a new pay stub as requested.  The district court did not abuse its discretion in determining there was sufficient proof to grant the relief requested by Joan Warnke.

IV

[¶12] David Warnke argued the district court erred by failing to equitably distribute the marital property.  Deciding this issue would require us to review the underlying judgment.  The dissent also invites this Court to review the underlying judgment under 
Dethloff v. Dethloff
, 1998 ND 45, 574 N.W.2d 867, but 
Dethloff
 is procedurally different and does not control this case.  In 
Dethloff
, default judgment was entered as a sanction for a party’s misconduct which is described as “extreme, persistent, and willful.”  
Id.
 at ¶ 14.  Because of the party’s conduct, the court in the Dethloff divorce held it could proceed under N.D.R.Civ.P. 55(a)(1):  “I also believe that Rule 55 allows for a default judgment in this case under subsection (a)(1) of the Rule rather than requiring the Court to take proof to determine relief.”  
Id.
 at ¶ 12.  Our opinion in 
Dethloff
 acknowledged the authority of the trial court to impose default as a sanction, but remanded the case to conduct a hearing under Rule 55(a)(2).  In this case, a hearing was conducted under N.D.R.Civ.P. 55(a)(2).

[¶13] We have said:

In reviewing a trial court’s denial of a motion under N.D.R.Civ.P. 60(b) to set aside a regularly entered judgment, we do not determine whether the trial court was substantively correct in entering the judgment from which relief is sought, but determine only if the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established.  
Clooten v. Clooten
, 520 N.W.2d 843, 845 (N.D. 1994).  The trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner.  
Crawford v. Crawford
, 524 N.W.2d 833, 835 (N.D. 1994).  A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied on are stated and considered together for the purpose of achieving a reasoned and reasonable determination.  
Peterson v. Peterson
, 555 N.W.2d 359, 361 (N.D. 1996).

Terry v. Terry
, 2002 ND 2, ¶ 4, 638 N.W.2d 11.  
Accord
 
Manning v. Manning
, 2006 ND 67, ¶ 15, 711 N.W.2d 149; 
Gonzalez v. Tounjian
, 2004 ND 156, ¶ 9, 684 N.W.2d 653; 
US Bank Nat’l Ass’n v. Arnold
, 2001 ND 130, ¶ 23, 631 N.W.2d 150.

[¶14] The district court did not abuse its discretion in refusing to vacate the default judgment, and we will not address the issue of property division in an appeal from the district court’s refusal to vacate the default judgment.  We affirm.

[¶15] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, dissenting.

[¶16] In the interest of justice and under the laws of the state, I would reverse and remand.  I would direct the district court to vacate the default judgment because:

The judgment is unconscionable and goes far beyond what was asked for in the complaint.

 

The record reflects that the plaintiff executed a false affidavit and that her attorney, knowing it was false, filed it with the court.

 

The district court abused its discretion when it refused to vacate an unconscionable judgment.

 

The district court abused its discretion when it refused to vacate a judgment entered contrary to law.

 

There is no presumption that a wrongly addressed notice was delivered.

 

The district court inexplicably relied on alleged settlement negotiations and on material not in the record.

I

[¶17] Joan Warnke sued David Warnke for divorce.  He admitted personal service of the complaint on December 9, 2009.  In the complaint, she asked for physical custody of the children with liberal visitation for David Warnke, “an equitable division of the debts incurred by the parties during the marriage,” and “an equitable division of personal and real property of the parties.”  She also asked that David Warnke be ordered to pay child support under the guidelines and that “neither party pay to the other any spousal maintenance.”

[¶18] Joan Warnke moved for a default judgment, executing in support of it an affidavit falsely swearing “[t]hat all debts and property have been divided to both parties[’] satisfaction pursuant to a signed stipulation, it is agreed that the stipulation is fair and equitable.”  Her lawyer, Thomas Omdahl, knowing the affidavit to be false, filed it with the district court.  In fact, there has never been such a stipulation in this case.

[¶19] David Warnke appeared at the hearing on June 28, 2010, and the apparently flustered attorney Omdahl admitted, “It wasn’t anticipated that Mr. Warnke was going to be here, and so now he has shown up, and there’s just a couple issues.”  And Omdahl said, “[S]o there’s not going to be any default here.”  David Warnke spoke only 27 words at the hearing.

[¶20] Omdahl scheduled another hearing for August 16, 2010.  He claims he mailed a notice of the hearing to David Warnke.  Omdahl acknowledges he addressed the notice to Campbell Avenue even though David Warnke lives on Campbell Drive.

[¶21] At the hearing, Omdahl presented a “stipulation” that had been signed by Joan Warnke but not by David Warnke.  Even though Omdahl did not represent David Warnke and N.D.R.Ev. 408 precluded the admissibility of settlement discussions, Omdahl said, “We made the changes I think that I understood they had agreed to and he was provided a copy and he never came in to sign it and he didn’t get an attorney and I am assuming it’s acceptable to him.”  In fact, the “stipulation” Omdahl filed at the hearing reflects that Joan Warnke signed the document on April 2, 2010.  The first hearing occurred after that date, and therefore the document could not have reflected the subsequently agreed-upon changes.  During the hearing, the district court permitted Joan Warnke to testify about alleged settlement negotiations, even though N.D.R.Ev. 408 precluded the evidence’s admissibility.  The district court received the “stipulation” into evidence even though it had not been signed by David Warnke.

[¶22] The district court divided all of the property as orally requested by Joan Warnke, going far beyond the equitable division she had requested in her complaint, giving her substantial net assets and giving David Warnke substantial net debt.  The district court offered no explanation for this substantial disparity.  The district court also ordered that the parties split the cost of the children’s college education, even though that education would occur after their majority and it had not been requested in the complaint.

[¶23] Upon learning of the default judgment, David Warnke promptly sought relief.  He submitted an affidavit stating he had not received notice of the hearing, it was not sent to his correct address, and he had not agreed to the alleged stipulation.  He swore, “Based on the stipulation, I told Joan and Attorney Omdahl that the terms were unacceptable and I would not agree to the terms or sign the stipulation as presented.”  He also swore, “I was awaiting another draft or acceptable terms to be presented but nothing arrived from Joan or Attorney Omdahl.”

[¶24] Thomas Omdahl submitted affidavits about the notice and what he claimed were the substance of negotiations.

[¶25] Although no hearing was held, the district court apparently chose to believe the affidavits of those who had previously submitted false affidavits to the court in this case, including inadmissible statements about settlement negotiations.  The district court also quoted from a letter that is not in the record of this proceeding.  That letter, as quoted by the district court in its order, reflects that immediately upon receiving the notice of entry of judgment, the defendant wrote to the judge, “I just received a letter in the mail from my wife’s attorney and nothing from the clerk of courts stating that I had any upcoming court date.”

II

[¶26] The district court abused its discretion in refusing to grant relief from the default judgment.  And, it failed to follow the law in doing what it needed to do even if it was a default divorce case.

A

[¶27] Upon receiving the default judgment, David Warnke immediately sought a reversal.  Although the district court may have been entitled to rely on the affidavits and testimony of one who had signed a false affidavit in the course of the proceeding and her lawyer who submitted a false affidavit to the court in the course of the proceeding, the district court was not entitled to rely on evidence of settlement negotiations, nor was it entitled to rely on evidence that was not in the record.  In addition, at the June 28 hearing, Thomas Omdahl stated, “[T]here’s not going to be any default here.”

[¶28] The majority says, at ¶ 8, “There is a rebuttable presumption that ‘a letter duly directed and mailed was received in the regular course of the mail.’  N.D.C.C. § 31-11-03(24).”  It is undisputed that the mail to David Warnke was not “duly directed.”  It does not follow that if the post office on occasion delivers misaddressed mail, it will do so consistently.

[¶29] As this Court has said, we “prefer a judgment on the merits over a default judgment when it is fair to do so.”  
Murdoff v. Murdoff
, 517 N.W.2d 402, 403 (N.D. 1994).  “Decisions on the merits are of course preferable to those by default.”  
Bender v. Liebelt
, 303 N.W.2d 316, 318 (N.D. 1981).

B

[¶30] This Court has made clear that upon default, the plaintiff is entitled to no more than the relief sought in the plaintiff’s complaint.  “A district court is limited in its discretion to fashion an appropriate award as part of a default judgment.”  
Luger v. Luger
, 2009 ND 84, ¶ 19, 765 N.W.2d 523.  Rule 54(c), N.D.R.Civ.P., provides, in part:  “A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.”  “We have previously recognized that N.D.R.Civ.P. 54(c) protects the defaulting party because ‘it would be fundamentally unfair to give greater or different relief from that prayed for.’”  
Luger
, at ¶ 19 (quoting 
Vande Hoven v. Vande Hoven
, 399 N.W.2d 855, 859 (N.D. 1987)).  “[A]n award of a default judgment different in kind from or exceeding the amount prayed for denies the defendant due process by failing to provide notice of the scope of the claim.”  
Id.

[¶31] Here the complaint had requested an 
equitable division
 of the debts and property.  But the court awarded Joan Warnke 
net assets
 of $108,443, assuming the validity of the questionable “loans” from her mother, or $124,703 without them.  The court awarded David Warnke 
net debt
 of $9,299.  The court further ordered David Warnke to pay for one-half of the college education, even though it had not been requested in the complaint.

C

[¶32] In 
Dethloff v. Dethloff
, 1998 ND 45, 574 N.W.2d 867, this Court made clear that even in the case of default, the district court must equitably divide the property and make findings as to why a particular division is equitable.  
Id.
 at ¶¶ 19-24.  It is not acceptable to simply follow the plaintiff’s proposal.  
Id.
 at ¶ 22.  The court must find values and make a division under the 
Ruff-Fischer
 guidelines.  
Id.
 at ¶¶ 22-24.  And disparity is not justified by saying plaintiff’s proposed property division “appears to be equitable.”  
Id.
 at ¶ 22.

[¶33] Here the district court simply followed Joan Warnke’s proposed property distribution, and without any explanation, labeled it “fair and equitable.”

[¶34] Under N.D.C.C. § 14-05-24(1), the district court must make an equitable distribution of the parties’ marital property and debts.  Few principles are more ubiquitous in our case law than the principle that a property division must be fair and equitable.  
See, e.g.
, 
Wagner v. Wagner
, 2007 ND 101, ¶ 9, 733 N.W.2d 593.  In a long-term marriage, we start with the premise of an equal distribution.  
Id.
 at ¶ 11.  The distribution does not have to be equal to be equitable, but any substantial disparity must be explained.  
Id.
 at ¶ 10.  Here there is no explanation.

D

[¶35] The district court ordered David Warnke to pay half of his children’s college education, even though this would occur after their majority.  The evidence does not reflect that David Warnke has the means to comply with the order, nor do our laws impose that obligation absent an agreement.  
See
 
Larson v. Larson
, 2005 ND 67, 694 N.W.2d 13.  Again, this had not been requested in the complaint.

E

[¶36] The only case that appears to rival this case for disparate property distribution is 
Bell v. Bell
, 540 N.W.2d 602 (N.D. 1995).  In 
Bell
, the district court awarded the few remaining assets to Kimberly Bell, and the debt to Kyle Bell.  In that case, however, Kyle Bell expended almost 90 percent of the assets of the marriage in his criminal flight.  
Id.
 at 603.  In this case, there is no explanation or apparent justification for the huge disparity.

[¶37] The majority, unable to meaningfully distinguish the legal requirements set out in 
Dethloff
, seeks to rely on the stipulated judgment case of 
Clooten v. Clooten
, 520 N.W.2d 843 (N.D.1994).

[¶38] The majority appears to claim that on appeal of a denial of a motion to vacate a default judgment, this Court can never look to what the district court ordered.  Under the majority formulation, in default, a trial court can award anything a plaintiff suggests at the default hearing, even if it goes far beyond what was sought in the complaint.

[¶39] To follow the logic of the majority opinion, the district court could have denied the father any time with his children, even though the mother sought primary residential responsibility with liberal parenting time for the father.  What if the judgment had terminated David Warnke’s parental rights?  Would the majority contend that could not be considered on appeal?  Could the court have ordered David Warnke to donate a kidney to someone if Joan Warnke had suggested it at the default hearing?

[¶40] Apparently, under the majority view, a party filing suit to declare an easement across a defendant’s property could be given complete (fee simple) title to the property of a defaulting defendant.

[¶41] Finally, the majority ignores the case of 
Crawford v. Crawford
, 524 N.W.2d 833 (N.D. 1994), decided just a few months after 
Clooten
, declaring that courts should vacate under N.D.R.Civ.P. 60(b) “judgments that are unconscionable.”

Whether a party has agreed to the terms of a stipulation becomes irrelevant in light of the damage enforcement of an unconscionable decree would do to the duty and reputation of courts to do justice.  Just as courts will not enforce an agreement that is illegal, so too courts should vacate judgments that are unconscionable.  Rule 60(b)(vi), N.D.R.Civ.P., is available for just such a rare occasion and exceptional circumstance.

Crawford
 at 836.

In “light of the damage enforcement of an unconscionable decree would do to the duty and reputation of courts to do justice,” the judgment in this case should be vacated.

III

[¶42] I would reverse and remand.

[¶43] Dale V. Sandstrom