Filed 12/18/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 255

Wendell Lund, Plaintiff and Appellant

v.

Orville Lund and Betty Lund, Defendants

Betty Lund, Appellee

No. 20120210

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable John C. McClintock, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Theresa L. Kellington, 619 Riverwood Drive, Suite 202, Bismarck, N.D. 58504, for plaintiff and appellant.

Michael S. McIntee, P.O. Box 90, Towner, N.D. 58788-0900, for appellee.

Lund v. Lund

No. 20120210

Crothers, Justice.

[¶1] Wendell Lund appeals from a district court order dismissing his action against Betty Lund for lack of personal jurisdiction.  We reverse and remand, concluding the district court erred in holding it lacked personal jurisdiction over Betty Lund.

I

[¶2] Wendell Lund is the son of Orville and Betty Lund.  Orville and Betty Lund owned real property in Bottineau County.  Wendell Lund claims that in 1985 he entered into an implied contract with his parents whereby he agreed to provide certain labor and supplies to maintain the real property and to pay half of the real estate taxes, and that in exchange his parents agreed to convey the property to him.  In 1991, Orville and Betty Lund signed a deed purporting to convey their interest in the property to Orville and Wendell Lund. 

[¶3] When Orville and Betty Lund divorced in 2010, the trial court found the 1991 deed was not a legitimate transaction, but rather had been an attempt to deprive Betty Lund of her interest in the property and her homestead rights.  The court included the entire value of the real property in the marital estate and awarded it to Orville Lund.  Betty Lund received other offsetting property, and each party ultimately received approximately one-half of the marital estate.  We affirmed the divorce judgment on appeal.  
See
 
Lund v. Lund
, 2011 ND 53, 795 N.W.2d 318.

[¶4] Betty Lund moved to Arizona in 2010.  Since September 2010, she has held an Arizona driver’s license, her vehicle has been registered in Arizona and she has been registered to vote in Arizona.

[¶5] In 2011, Wendell Lund brought this action against Orville and Betty Lund alleging they failed to comply with the 1985 implied contract.  He seeks damages in excess of $545,000 and transfer of the real property to him.  Wendell Lund claims Betty Lund could not be located for service of process, so service was made by publication.  Betty Lund entered a special appearance through her attorney and moved to dismiss the action against her, arguing she was a permanent resident of Arizona and the district court lacked personal jurisdiction over her.  The district court concluded Betty Lund was not a North Dakota resident and it lacked personal jurisdiction over her.  The court dismissed Wendell Lund’s claims against her and subsequently dismissed Wendell Lund’s claims against Orville Lund.

II

[¶6] Wendell Lund contends the district court erred in concluding it did not have personal jurisdiction over Betty Lund.

[¶7] “Analysis of a district court’s ruling regarding personal jurisdiction is a question of law, which we consider under the de novo standard of review.”  
Luger v. Luger
, 2009 ND 84, ¶ 12, 765 N.W.2d 523.  “If the defendant challenges the court’s [exercise of personal] jurisdiction, the plaintiff bears the burden of proving jurisdiction exists.”  
Id.
 (quoting 
Bolinske v. Herd
, 2004 ND 217, ¶ 7, 689 N.W.2d 397); 
Ensign v. Bank of Baker
, 2004 ND 56, ¶ 11, 676 N.W.2d 786.  “The plaintiff must make a prima facie showing of jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction, and if the court relies only on pleadings and affidavits, the court must look at the facts in the light most favorable to the plaintiff.”  
Ensign
, at ¶ 11; 
see also
 
Bolinske
, at ¶ 7.  “Questions of personal jurisdiction must be decided on a case-by-case basis, depending on the particular facts and circumstances.”  
Ensign
, at ¶ 11; 
see also Bolinske
, at ¶ 7.

[¶8] A two-part test applies when deciding whether a court may properly exercise personal jurisdiction over a nonresident defendant.  The court first must decide whether the requirements of the state’s long-arm provision, N.D.R.Civ.P. 4(b)(2), are satisfied and, if so, then must decide whether the exercise of personal jurisdiction comports with due process.  
Ensign
, 2004 ND 56, ¶ 9, 676 N.W.2d 786; 
Hansen v. Scott
, 2002 ND 101, ¶ 16, 645 N.W.2d 223.  The district court’s decision in this case was based solely upon its conclusion the long-arm provisions of N.D.R.Civ.P. 4(b)(2) had not been satisfied, and Betty Lund does not argue the exercise of personal jurisdiction over her violates due process.  Thus, the sole issue is whether personal jurisdiction may be exercised over Betty Lund under N.D.R.Civ.P. 4(b)(2).

[¶9] Rule 4(b)(2), N.D.R.Civ.P., provides in part:

“
Personal Jurisdiction Based on Contacts.
  A court of this state may exercise personal jurisdiction over a person who acts directly or by an agent as to any claim for relief arising from the person’s having such contact with this state that the exercise of personal jurisdiction over the person does not offend against traditional notions of justice or fair play or the due process of law, under one or more of the following circumstances: 

(A) transacting any business in this state;

. . . .

(E) having an interest in, using, or possessing property in this state;

. . . .

(H) enjoying any other legal status or capacity within this state; or

(I) engaging in any other activity . . . within this state.”

Rule 4(b)(2) “is designed to permit [North Dakota] courts to exercise personal jurisdiction [over nonresident defendants] to the fullest extent permitted by due process.”  
Bolinske
, 2004 ND 217, ¶ 9, 689 N.W.2d 397; 
Hansen
, 2002 ND 101, ¶ 16, 645 N.W.2d 223.

[¶10] The district court concluded it lacked personal jurisdiction over Betty Lund because she was no longer a resident of North Dakota and because Wendell Lund’s cause of action did not fit within any of the long-arm provisions enumerated in N.D.R.Civ.P. 4(b)(2).  The district court provided little analysis for its conclusion, but apparently based its decision on the fact that Wendell Lund’s action sought damages for breach of an implied contract and Rule 4(b)(2) does not expressly apply to breach of an implied contract.

[¶11] The district court’s focus on the nature of the action brought, rather than the nature of Betty Lund’s activities within the state, is misguided.  Personal jurisdiction under Rule 4(b)(2) does not depend on the underlying legal theory of recovery  against a nonresident defendant.  Rather, long-arm jurisdiction under Rule 4(b)(2) depends upon the nature of the defendant’s contacts with the state and the transactions and activities she has engaged in within the state.  The defendant’s activities in and contacts with the state, not plaintiff’s legal theory, are paramount under Rule 4(b)(2).

[¶12] Wendell Lund contends personal jurisdiction over Betty Lund exists under the long-arm provisions because she transacted business in this state and those transactions provide the underlying factual basis for this lawsuit.  
See
 N.D.R.Civ.P. 4(b)(2)(A) and 4(b)(3).  This Court has held the phrase “transacting any business in this state” in Rule 4(b)(2)(A) must be given a broad, expansive interpretation and is used in a broader sense than merely doing business.  
See
 
Bolinske
, 2004 ND 217, ¶ 10, 689 N.W.2d 397; 
Hansen
, 2002 ND 101, ¶¶ 18, 23, 645 N.W.2d 223; 
Auction Effertz, Ltd. v. Schecher
, 2000 ND 109, ¶ 6, 611 N.W.2d 173; 
United Accounts, Inc. v. Quackenbush
, 434 N.W.2d 567, 570 (N.D. 1989).  Applying the expansive interpretation of transacting business under Rule 4(b)(2)(A), activities such as a nonresident’s telephone call to North Dakota resulting in a contractual agreement to have a broker sell his cattle, or a prior resident’s use of credit cards while living in the state, constituted “transacting any business in this state” sufficient to create personal jurisdiction under the Rule.  
See
 
Auction Effertz
, at ¶¶ 7-8; 
Quackenbush
, at 569-70.

[¶13] Wendell Lund’s action is based on allegations that (1) Betty Lund entered into a contractual agreement where Wendell Lund would provide labor and supplies and pay part of the taxes on real property owned by Betty Lund and in exchange she would convey her interest in the property to him; (2) Betty Lund signed a deed conveying her interest in the property to him and (3) Betty Lund later disavowed the deed, resulting in Wendell Lund receiving no interest in the property and no compensation for his performance under the contract.  Viewing the facts in the light most favorable to Wendell Lund, and applying the expansive interpretation of transacting business under Rule 4(b)(2)(A), Betty Lund’s involvement in the contractual agreement and signing of the deed purportedly conveying her interest in the property to Wendell Lund constituted transacting business in North Dakota sufficient to justify exercise of personal jurisdiction over her in this action.  In addition, Betty Lund’s activities also constitute “having an interest in, using, or possessing property in this state,” “enjoying any other legal status or capacity within this state” and “engaging in any other activity . . . within this state,” thereby supporting exercise of personal jurisdiction under subparagraphs (E), (H) and (I) of N.D.R.Civ.P. 4(b)(2).

[¶14] Betty Lund contends the long-arm provisions of Rule 4(b)(2) do not apply because she is not currently transacting business in the state, she no longer owns  property in the state and she currently has no other relevant contacts with the state.  Betty Lund’s argument is premised upon the misconception that only presently occurring contacts and activities are relevant when assessing personal jurisdiction under Rule 4(b)(2).  However, the long-arm provisions under Rule 4(b)(2) are essentially transactional and create jurisdiction for only those claims arising from the defendant’s specific activities within the state.  
See
 N.D.R.Civ.P. 4(b)(3).  Thus, the significant factor is not whether the defendant is presently engaging in the enumerated activities or conduct but whether the defendant was engaged in the activity or conduct within the state when the transaction or factual situation giving rise to the lawsuit occurred.  
See
 
Catlin v. Catlin
, 494 N.W.2d 581, 590 (N.D. 1992); 
Quackenbush
, 434 N.W.2d at 570-71; 
see generally
 
Ensign
, 2004 ND 56, ¶¶ 13-15, 676 N.W.2d 786 (explaining differences between specific and general personal jurisdiction).

[¶15] Accordingly, this Court has recognized that personal jurisdiction may be exercised over a former resident for claims arising from activities she engaged in while previously residing in the state.  
See
 
Wagner v. Miskin
, 2003 ND 69, ¶¶ 21-22, 660 N.W.2d 593; 
Catlin
, 494 N.W.2d at 590-91; 
Quackenbush
, 434 N.W.2d at 569-

70.  This Court has rejected the argument that a nonresident defendant must currently be engaging in transactions or activities within the state to support jurisdiction under Rule 4(b)(2):

“As for Joseph’s assertion that the contacts must be current, the Rule comprehends that many contacts will arise from past conduct.

“We also see no relevance in the fact that Joseph voluntarily terminated his contacts with the state. The result of such an argument would be that defendants could render themselves immune from suit in the state by merely packing up and leaving. It is not hard to imagine the chaos which would ensue . . . if one party could defeat jurisdiction merely by exiting the state before the summons is served.”

Catlin
, at 590.

[¶16] 
Quackenbush
 is illustrative of our application of Rule 4(b)(2).  Quackenbush received and used credit cards while living in North Dakota from 1984 to 1987.  After he moved to California, the assignee of his credit card company sued him in North Dakota for amounts charged on the credit cards while he was living in North Dakota.  Quackenbush moved to dismiss based upon lack of personal jurisdiction because he was a California resident.  This Court held that Quackenbush’s use of the credit cards while a resident of the state constituted “transacting any business in this state” under Rule 4(b)(2)(A) sufficient to provide a basis for personal jurisdiction over him.  
See
 
Quackenbush
, 434 N.W.2d at 570-71.  

[¶17] Here, Betty Lund resided in this state, owned real property in this state, and allegedly entered into a contract regarding her property in this state.  Those contacts are sufficient under Rule 4(b)(2) to assert personal jurisdiction over her for the transactions related to those activities, and she is not immune from suit here because she left the state.  
See
 
Catlin
, 494 N.W.2d at 590.

[¶18] We conclude the district court erred in concluding it lacked personal jurisdiction over Betty Lund.

III

[¶19] We have considered the remaining issues and arguments raised by the parties and deem them to be without merit or unnecessary to our decision.  We reverse the order dismissing the action against Betty Lund and remand for further proceedings.

[¶20] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.