2013 ND 234

**STATE of North Dakota, Appellee and Plaintiff**

v.

**ONE 2002 DODGE INTREPID AUTOMOBILE,**
**Defendant.**

**Kawo Otis Flah, Interested Party and Appellant.**

**No. 20130186.**

Supreme Court of North Dakota.

Dec. 19, 2013.

Dawn M. Deitz, Assistant State's Attorney, Bismarck, ND, for appellee and plaintiff.

Kawo O. Flah, self-represented, Jamestown, ND, interested party and appellant; submitted on brief.

KAPSNER, Justice.

[¶ 1] Kawo Otis Flah appeals from a district court order mandating forfeiture of a 2002 Dodge Intrepid. Because Flah's due process rights were violated when the notice to appear was mailed to Flah at a residential address rather than at his in-custody address, we reverse the district court judgment and remand for proceedings consistent with this opinion.

I

[¶ 2] On April 30, 2012, Flah participated in the controlled sale of marijuana to a confidential informant. Flah was charged with delivery of a controlled substance and conspiracy to deliver a controlled substance and was taken into custody. Flah remained in custody at all times relevant to this appeal, and his criminal case proceeded in Burleigh County District Court. On August 16, 2012, the Burleigh County

sheriff personally served Flah with a summons and complaint for forfeiture at the Burleigh County Detention Center.[1] Flah responded, objecting to the forfeiture, and the district court treated this response as an answer by an interested party.

[¶3] A notice to appear for a forfeiture hearing, dated March 28, 2013, was mailed by the calendar clerk of Burleigh County District Court to Flah at a residential address in Bismarck. On April 3, 2013, the notice to appear, marked "Moved left no address, unable to forward, return to sender," was returned to the district court. The calendar clerk then sent the notice to appear to a Minneapolis address.

[¶4] On May 9, 2013, a forfeiture hearing was held, at which the Burleigh County State's Attorney's Office presented evidence in support of forfeiture. Flah did not appear at this hearing. The testimony at the forfeiture hearing demonstrated that Flah had previously been tried on controlled substances charges and was found guilty of those charges. The court found that the defendant vehicle had been used to transport or deliver controlled substances, forfeited the vehicle, and awarded it to the Metro Area Narcotics Task Force. Copies of the findings of fact, conclusions of law, and order for judgment and the judgment were mailed to Flah at the same residential address as the notice to appear.

[¶5] Flah's appeal indicates he did not receive the notice to appear and was unaware of the forfeiture hearing until after it occurred. In late May and early June of 2013, he requested case summaries from the clerk of the Burleigh County District Court, at which time he learned that the forfeiture hearing had been held.

## II

[¶6] On appeal from the district court's order, Flah argues his due process rights were violated when the notice to appear was mailed to a residential address rather than to Flah's in-custody address. Although an order for judgment is not appealable, "[a]n attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists." *Lund v. Lund*, 2011 ND 53, ¶5, 795 N.W.2d 318 (citations omitted). Generally, this Court does not address issues that were not raised below unless the alleged error was obvious. *See State v. Parisien*, 2005 ND 152, ¶17, 703 N.W.2d 306. The party raising obvious error has the burden of establishing plain error that affects substantial rights. *Id.* (citing *State v. Krull*, 2005 ND 63, ¶6, 693 N.W.2d 631). "Only constitutional error that is 'egregious' or 'grave' is subject to the obvious error rule." *Parisien*, at ¶17 (citing *State v. Murphy*, 527 N.W.2d 254, 257 (N.D.1995)).

## III

[¶7] The first question to be considered is whether Flah had a due process right to receive notice of the forfeiture hearing. "Procedural due process requires notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *State v. One Black 1989 Cadillac*, 522 N.W.2d 457, 463 (N.D.1994) (citations omitted). An opportunity to be heard must be granted "at a meaningful time *and* in a meaningful manner." *Id.* (citations omitted). However, beyond these requirements, the United States Supreme Court has stated that due process determinations are to be made by the

1. N.D.R.Civ.P. 5(d)(2)(A)(i) states: "Unless otherwise authorized by rule or statute, a party seeking to file an initiating pleading must provide proof that the pleading was served under Rule 4. The proof of service must be filed with the initiating pleading." In this case, the State did not file the sheriff's return until after the forfeiture hearing.

court based on the particular situation in front of it while considering the private interest involved, the protection current procedures and additional safeguards offer against erroneous deprivation of that interest, and the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (citation omitted).

[¶ 8]  In *State v. One Black 1989 Cadillac*, this Court examined the 1989 modifications to North Dakota's Uniform Controlled Substances Act's forfeiture provisions and determined that the statute, taken as a whole, provided procedural due process.  522 N.W.2d at 463. Under the procedural provisions for forfeiture, N.D.C.C. §§ 19–03.1–36.1 to 19–03.1–36.7, which are the same today, "[n]otice of the forfeiture proceedings must be given to each known owner and known person with a legal interest in the property to be forfeited by serving a copy of the summons and complaint in accordance with the North Dakota Rules of Civil Procedure." N.D.C.C. § 19–03.1–36.3. Where an interested individual files an answer to the summons and complaint within 20 days of service contesting the forfeiture, forfeiture proceedings must be set for a hearing before the district court.  N.D.C.C. §§ 19–03.1–36.4; 19–03.1–36.6. The procedure governing forfeiture proceedings is the same as in civil proceedings, unless otherwise stated, N.D.C.C. § 19–03.1–36.3, and under N.D.R.Civ.P. 5 and N.D.R.Ct. 3.5(e)(1), all written notices must be served on every party, and may be served on a self-represented party or prisoner by mailing it to the person's last known address.  At the forfeiture hearing, the State has the burden of establishing probable cause.  N.D.C.C. § 19–03.1–36.6. The burden then shifts to the interested party to prove that the property is not subject to forfeiture.  *Id.*

■  [¶ 9]  In this case, Flah alleges that he had a due process right to receive the court's notice to appear at the forfeiture hearing.  The forfeiture provisions of the Uniform Controlled Substances Act required adherence to the North Dakota Rules of Civil Procedure, and those rules required written notices, such as the notice to appear, to be served on Flah by mailing it to his last known address.  The procedural requirements of North Dakota's Uniform Controlled Substances Act's forfeiture provisions were added to ensure the protection of the due process rights of interested parties.  Therefore, we hold that Flah had a due process right to have the notice to appear for the forfeiture hearing mailed to his last known address.

## IV

■  [¶ 10]  Because Flah had a due process right to receive the notice to appear, we must next consider whether that due process right was violated when that notice was sent to Flah at a residential address rather than sending it to him at his in-custody address.[2]  The United States Supreme Court considered a similar question in *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972). In that case, the appellant was arrested for armed robbery, and the state of Illinois immediately instituted forfeiture proceedings against the appellant's automobile. *Id.* at 38, 93 S.Ct. 30.  While the appellant was being held in custody, the State mailed notice of the forfeiture proceedings

2.  Flah's response to the summons and complaint, objecting to the proceeding, identified his address as a post office box in Bismarck. No service was attempted on him at that address; accordingly, we do not address whether such service would have been adequate under N.D.R.Civ.P. 5.

to the appellant's home address. *Id.* at 38–39, 93 S.Ct. 30. The appellant did not receive notice of the forfeiture proceedings until his release, by which time the forfeiture of the vehicle had already been ordered. *Id.* at 39, 93 S.Ct. 30. On appeal, the United States Supreme Court noted that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 39–40, 93 S.Ct. 30 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The court found that the State knew the appellant was not at the address to which the notice was mailed and could not get to that address, since he was confined in a jail within that state. Therefore, the court held that the State had not met its due process requirement of providing notice to the appellant of the forfeiture proceedings. *Id.* at 40, 93 S.Ct. 30.

[¶ 11] In this case, Flah was in custody within this state at all times relevant to the forfeiture action. The Burleigh County sheriff personally served Flah with a summons and complaint for forfeiture at the Burleigh County Detention Center in August 2012, but the Burleigh County State's Attorney's Office did not file the sheriff's return until after the forfeiture hearing. Flah's criminal case also proceeded in Burleigh County District Court. Both the court and the Burleigh County State's Attorney's Office knew, or should have been aware, that Flah could no longer be contacted at a residential address. Nevertheless, the March 28, 2013, notice to appear for the forfeiture hearing was mailed to Flah· at a residential address instead of Flah's in-custody address within the state. As a result, Flah did not receive the notice to appear and did not become aware of the forfeiture hearing until after the hearing had taken place and the court had ordered forfeiture of the vehicle.

[¶ 12] The decision to mail the notice to appear to Flah at a residential address, where the district court and the Burleigh County State's Attorney's Office knew, or should have known, that Flah could not be contacted, was not reasonably calculated to apprise Flah of the forfeiture hearing and did not afford him an opportunity to present his case. We therefore hold Flah's due process rights were violated by this procedure.

V

[¶ 13] Flah had a due process right to receive the notice to appear for the forfeiture hearing, and this right was violated when the district court mailed the notice to appear to Flah at a residential address rather than at his in-custody address. We reverse the judgment of the district court and remand for proceedings consistent with this opinion.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.