# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 140

Braden Allery,                                           Plaintiff and Appellant

    v.

Regan Whitebull,                                       Defendant and Appellee

### No. 20210316

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice, joined by Chief Justice Jensen and Justices Crothers and Tufte. Justice VandeWalle filed a dissenting opinion.

Kyle R. Craig, Minot, ND, for plaintiff and appellant; submitted on brief.

Breanna K. Delorme, Grand Forks, ND, for defendant and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]   Braden Allery appeals from an order denying his motion for relief from a default judgment modifying primary residential responsibility for the children he has with Regan Whitebull. Allery argues the district court erred by denying his N.D.R.Civ.P. 60(b) motion for relief from the judgment. We conclude the court did not abuse its discretion and affirm.

I

[¶2]   Allery and Whitebull have two minor children together. In 2019, the district court entered a judgment awarding Allery and Whitebull equal residential responsibility of the children.  In March of 2021, Whitebull moved to amend the judgment.  She asserted a material change in circumstances had occurred because the parties no longer live in the same area and the children are now both school-aged.  She claimed the parties could not agree where the children should be enrolled in school.  Her motion noted she "is hopeful that this issue can be resolved prior to the end of this school year, so that the parties have ample notice of the parenting plan before summer break."  She requested the district court award her primary residential responsibility for the children and allow Allery parenting time during the summer.  Her motion papers were personally served on Allery.  The sheriff's return of service shows he was served in Parshall.

[¶3]   Allery did not respond to the motion.  The district court entered an order finding Whitebull established a prima facie case justifying modification of primary residential responsibility and ordered an evidentiary hearing.  The court served the order and notice of hearing on Allery at a Bismarck address. Allery did not appear at the evidentiary hearing, and Whitebull moved for entry of default judgment.   On the day of the hearing, after it had concluded, Allery learned through social media the hearing had been held.  Allery sent a letter to the district court the same day, stating that he never received notice of the hearing.  He also stated he called the courthouse and was informed notice

of the hearing was sent to a Bismarck address. He claimed he has not lived at the Bismarck address in three years, and he has lived in Parshall for the past two years. He requested the court reschedule the evidentiary hearing and send notice to his current address.

[¶4] The district court did not reschedule the hearing. The court granted Whitebull's motion for default judgment and awarded her primary residential responsibility of the children. The court entered an amended judgment providing Allery parenting time every other weekend during the school year, six weeks during the summer, and on alternating holidays. Allery moved for relief from the judgment under N.D.R.Civ.P. 60(b) requesting the district court vacate the order due to excusable neglect or based on the strong public policy of adjudicating matters on the merits. Allery claimed he was not properly notified of the evidentiary hearing, Whitebull had actual knowledge that he resided at an address different from where the notice was sent, Whitebull properly served the motion at his current address, and he immediately moved for relief. The district court denied Allery's motion after briefing and a hearing. The court concluded Allery's failure to respond to the motion to amend the judgment did not constitute excusable neglect that would entitle him to relief from the judgment under N.D.R.Civ.P. 60(b)(1). The court also concluded there were no extraordinary circumstances present entitling Allery to relief from the judgment under N.D.R.Civ.P. 60(b)(6).

II

[¶5] On appeal, Allery argues the district court abused its discretion because evidence established he did not receive notice of the evidentiary hearing. He claims notice of the hearing was sent to an address he has not lived at in several years, he did not waive his right to notice of the hearing or the opportunity to present argument by failing to respond to Whitebull's motion to modify, and Whitebull conceded she knew Allery did not reside at the Bismarck address.

[¶6] The district court may relieve a party from a final judgment under N.D.R.Civ.P. 60(b) for: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic),

2

misrepresentation, or misconduct by an opposing party; [or] . . . (6) any other reason that justifies relief." This Court previously described the limitations of N.D.R.Civ.P. 60(b)(6):

> The use of the rule is limited by many considerations. It is not to be used as a substitute for appeal. It is not to be used to relieve a party from free, calculated, and deliberate choices he has made. It is not to be used in cases where subdivisions (1) to (5) of Rule 60(b) might be employed—it and they are mutually exclusive. Yet 60(b)(6) can be used where the grounds for vacating a judgment or order are within any of subdivisions (1) to (5), but something more or extraordinary which justifies relief from the operation of the judgment must be present.

*Hildebrand v. Stoltz*, 2016 ND 225, ¶ 16, 888 N.W.2d 197 (quoting *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324, 330 (N.D. 1975)).

[¶7] "A movant for relief under Rule 60(b) has a burden of establishing sufficient grounds for disturbing the finality of the judgment." *DCI Credit Servs., Inc. v. Plemper*, 2021 ND 215, ¶ 7, 966 N.W.2d 904 (quoting *US Bank Nat'l Ass'n v. Arnold*, 2001 ND 130, ¶ 23, 631 N.W.2d 150). On appeal, "we do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established." *Carroll v. Carroll*, 2017 ND 73, ¶ 8, 892 N.W.2d 173 (quoting *Vann v. Vann*, 2009 ND 118, ¶ 10, 767 N.W.2d 855). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *DCI Credit*, at ¶ 7.

[¶8] We have recognized greater liberty should be used in granting a motion for relief under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment after a trial on the merits. *See Hall v. Estate of Hall*, 2020 ND 205, ¶ 11, 950 N.W.2d 168. Relevant considerations guide the district court when deciding whether to grant relief from a default judgment:

3

This [C]ourt has long encouraged trial courts to be more lenient when entertaining Rule 60(b) motions to vacate default judgments as distinguished from "litigated" judgments, that is, judgments entered after trial on the merits. While a trial court certainly has discretion to grant or deny a Rule 60(b) motion to vacate a default judgment, the range of that discretion is limited by three important considerations. First, Rule 60(b) is remedial in nature and should be liberally construed and applied. Second, decisions on the merits are preferable to those by default. Third, as a consequence of the first two considerations, where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.

*Hall*, at ¶ 11 (quoting *Gepner v. Fujicolor Processing, Inc.*, 2001 ND 207, ¶ 14, 637 N.W.2d 681).

[¶9] The district court held Allery's failure to respond did not constitute excusable neglect that would entitle him to relief from the judgment under N.D.R.Civ.P. 60(b)(1). The court determined Allery "created his own problem with service to his former address by not responding to the motion to amend until after the hearing was completed," and Allery's decision not to respond was "a free, calculated, and deliberate choice." The court also concluded there were no extraordinary circumstances present that would entitle Allery to relief from the judgment under N.D.R.Civ.P. 60(b)(6). The court found Whitebull presented evidence to support modification of primary residential responsibility. The court noted the children were attaining school age and the parties live in different locations. The court found the current plan was unworkable and not in the best interests of the children.

A

[¶10] On appeal, Allery raises a claim for relief under N.D.R.Civ.P. 60(b)(3). However, he did not include allegations of fraud, misrepresentation or misconduct in his motion for relief, the arguments raised in his brief, or his argument in the district court. When a party fails to properly raise an issue or argument before the district court, it may not do so for the first time on appeal.

4

*Schiele v. Schiele,* 2015 ND 169, ¶ 16, 865 N.W.2d 433. Because it was not preserved, we decline to address Allery's argument under N.D.R.Civ.P. 60(b)(3).

B

[¶11] Allery argues the district court erred when it did not grant him relief under N.D.R.Civ.P. 60(b)(1) and (6). We are not persuaded the district court abused its discretion. Whitebull served her motion to modify residential responsibility on Allery and he chose not to respond to the motion or to update the district court with his mailing address. "[A] Rule 60(b) motion should not be used to relieve a party from free, calculated and deliberate choices, and a party is obligated to take legal steps to protect his or her own interests." *State v. White*, 2018 ND 58, ¶ 14, 907 N.W.2d 765. A disregard of legal process is not excusable neglect under Rule 60(b)(1). *State v. $33,000.00 U.S. Currency*, 2008 ND 96, ¶ 14, 748 N.W.2d 420. Had Allery appeared after he was served with the motion or responded in some fashion, the court would have known his updated address and could have successfully notified him of the hearing. As the dissenting opinion notes, it is true Whitebull's motion stated the parties "no longer reside in the same area." However, it would be impractical for court staff to review all of the filings in each case to decipher whether a party's address has changed during the course of litigation. Moreover, even if court staff had reviewed the filings in this case, there was nothing in the record to indicate the Parshall address was Allery's new residence. Allery may have thought it was unnecessary to respond to Whitebull's motion, but he still had an obligation to provide the court with his new address. *White*, at ¶ 14 (it is the litigant's responsibility to protect his or her legal interests).

[¶12] Allery also has not provided anything extraordinary to justify relief under N.D.R.Civ.P. 60(b)(6). His motion did not contain a proposed response explaining why the district court's decision was not in the best interests of the children. "If prompt application is made to set aside a default judgment and this application contains an answer *disclosing a meritorious defense*, the court should sustain the motion and permit the case to be heard upon its merits." *Kinsella v. Kinsella*, 181 N.W.2d 764, 769 (N.D. 1970) (emphasis added); *see also Discover Bank v. Bolinske*, 2020 ND 228, ¶ 17, 950 N.W.2d 417 ("Bolinske

is not entitled to have the default judgment vacated without filing his answer or otherwise showing a meritorious defense"); *Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 2016 ND 176, ¶ 27, 883 N.W.2d 917 (holding denial of motion for relief from default judgment was not an abuse of discretion when the motion did not contain a proposed answer or suggest a meritorious defense); *Fed. Sav. & Loan Ins. Corp. v. Albrecht*, 379 N.W.2d 266, 270 (N.D. 1985) (VandeWalle, J., dissenting) ("[a]n allegation of a meritorious defense should be a condition precedent to vacating the judgment"). The showing of a meritorious defense requires an assertion of "specific legal grounds" substantiated by "credible facts." *$33,000.00 U.S. Currency*, 2008 ND 96, ¶¶ 18-19. In this case, Allery did not include any argument or identify any facts to demonstrate the court's decision was not in the children's best interests.

[¶13] In primary residential responsibility cases, even in the context of a default, the district court must carefully consider the best interest of the child and the moving party must satisfy his or her burden of proof. *See* N.D.R.Civ.P. 55(a)(2) (before directing entry of default judgment, the court must require the necessary proof to enable it to determine and grant any relief); *see also Warnke v. Warnke*, 2011 ND 212, ¶11, 806 N.W.2d 606 (holding denial of motion to vacate default judgment determining primary residential responsibility was not an abuse of discretion when there was "sufficient proof to grant the relief requested"). In this case, the district court held Whitebull to her burden of proof as required by N.D.R.Civ.P. 55(a)(2). The court conducted an evidentiary hearing prior to granting default judgment and found Whitebull presented testimony and evidence to support her motion. Allery has not provided a transcript of the evidentiary hearing to dispute these findings. *See State v. McGinnis*, 2022 ND 46, ¶ 7, 971 N.W.2d 380 (an appellant that fails to file a transcript on appeal assumes the risks and consequences of such failure). Although we may have exercised our discretion differently, we are not convinced the district court abused its discretion under these circumstances.

III

[¶14] We affirm the district court's order denying Allery's motion for relief from the judgment.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

**VandeWalle, Justice, dissenting.**

[¶16] I respectfully dissent.

[¶17] We have recognized greater liberty should be used in granting a motion for relief under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment after a trial on the merits. *See Hall v. Estate of Hall*, 2020 ND 205, ¶ 11, 950 N.W.2d 168. We have also explained there are relevant considerations that should guide the district court in deciding whether to grant relief from a default judgment:

> This court has long encouraged trial courts to be more lenient when entertaining Rule 60(b) motions to vacate default judgments as distinguished from "litigated" judgments, that is, judgments entered after trial on the merits. While a trial court certainly has discretion to grant or deny a Rule 60(b) motion to vacate a default judgment, the range of that discretion is limited by three important considerations. First, Rule 60(b) is remedial in nature and should be liberally construed and applied. Second, decisions on the merits are preferable to those by default. Third, as a consequence of the first two considerations, where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.

*Hall*, at ¶ 11 (quoting *Gepner v. Fujicolor Processing, Inc.*, 2001 ND 207, ¶ 14, 637 N.W.2d 681).

7

[¶18] The district court denied Allery's motion for relief, finding there were no grounds for relief under N.D.R.Civ.P. 60(b)(1) or (6). The court explained:

> First, Allery created his own problem with service to his former address by not responding to the motion to amend until after the hearing was completed. He was served with a copy of the motion on March 16, 2021 and the hearing was held May 10, 2021. Had Allery filed a timely response, the court would have had his current mailing address for service of the notice of hearing.
>
> Second, Allery's argument that the clerk of court should have known he had a new address from the Sheriff's return is without merit. The Sheriff's return merely states the location where Allery was served. The clerk has no way of knowing whether the address on the return of service is Allery's residential address for service. The clerk does not have a duty to investigate whether Allery's address has changed. It is Allery's obligation to inform the court of any change of address.

The majority similarly states Allery was served with Whitebull's motion to modify residential responsibility and chose not to respond to the motion or update the district court with his mailing address. The majority cites *State v. White*, 2018 ND 58, ¶ 14, for the proposition that a Rule 60(b) motion should not be used to relieve a party from free, calculated, and deliberate choices.

[¶19] In *White*, 2018 ND 58, ¶¶ 7, 15, this Court held the district court did not abuse its discretion by denying a Rule 60(b) motion for relief from a judgment establishing primary residential responsibility when the father claimed he did not receive notice of the motion to establish parental rights and responsibilities. The father argued he was entitled to relief because the motion was mailed to a former address, the mother knew where he was residing, and the mother purposely mailed the motion to the incorrect address. *Id.* at ¶ 11. We said the district court found the father failed to provide his current address to the mother upon her request, the father told the mother he would be staying at a friend's house, and the mother mailed the motion to the friend's address. *Id.* at ¶ 14. We also said the father testified he would have provided his address if he had known the mother was moving for primary residential responsibility. *Id.* We explained "a Rule 60(b) motion should not be used to relieve a party

8

from free, calculated and deliberate choices, and a party is obligated to take legal steps to protect his or her own interests." *Id.* This case is different from *White.*

[¶20] This case is more similar to *State v. One 2002 Dodge Intrepid Automobile*, 2013 ND 234, ¶ 13, 841 N.W.2d 239, in which we held the vehicle owner's due process rights were violated when the notice to appear for a forfeiture hearing was mailed to his residential address rather than his in-custody address. We concluded the vehicle owner had a due process right to have the notice to appear for the forfeiture hearing mailed to his last known address. *Id.* at ¶ 9. The owner was in custody at all times relevant to the forfeiture action, the county sheriff personally served the vehicle owner with the summons and complaint at the detention center, and the State's Attorney's Office did not file a sheriff's return until after the forfeiture hearing. *Id.* at ¶ 11. We explained the criminal case proceeded in the district court, both the district court and the State knew or should have been aware that the vehicle owner could no longer be contacted at a residential address, but the notice of hearing was mailed to a residential address instead of the in-custody address. *Id.* We held the vehicle owner's due process rights were violated, stating, "The decision to mail the notice to appear to [the vehicle owner] at a residential address, where the district court and the [State] knew, or should have known, that [owner] could not be contacted, was not reasonably calculated to apprise [owner] of the forfeiture hearing and did not afford him an opportunity to present his case." *Id.* at ¶ 12.

[¶21] Unlike the father in *White*, Allery did not refuse to give his address to Whitebull. Whitebull had Allery personally served at his current address in Parshall, and she was aware he no longer lived in Bismarck. Whitebull stated in her brief in support of her motion that Allery lives two hours away from her and she lives in Bismarck. The return of service showing Allery was served with the motion to modify residential responsibility in Parshall was filed in the district court on March 26, 2021, before the court ordered an evidentiary hearing. The district court acknowledged in the order for an evidentiary hearing that Whitebull stated the parties no longer live in the same area. Although this information was included in the record, the district court served

9

Allery by mail at a Bismarck address. Similar to *One 2002 Dodge Intrepid*, Whitebull and the district court knew, or should have known, Allery would not receive the notice sent to the Bismarck address. The majority's decision is inconsistent with *One 2002 Dodge Intrepid*.

[¶22] During the hearing on Allery's motion for relief from judgment, Allery's attorney argued the first step in the modification process is for the moving party to prove a prima facie case for modification and the burden is on the moving party so a response from the opposing party is not necessary, and the next step is typically for the case to be referred to the mediation program. Allery claimed he thought the parties would go through mediation to try to resolve their issues. Allery was served with Whitebull's affidavit in support of her motion, and Whitebull stated in her affidavit that she would like to resolve the issues through mediation without the assistance of the district court. Whitebull stated a hearing should be set on the motion if the parties could not reach an agreement. Under N.D.R.Ct. 8.1(c)(1)(B), a referral to mediation in a proceeding to modify parental rights and responsibilities "will be made only after a court order has determined that a prima facie case under N.D.C.C. § 14-09-06.6 has been established, and if the court believes mediation may be useful to the parties and the children." The case was never referred to mediation and the court did not make any findings about whether mediation would be useful, instead the court found there was a prima facie case shortly after Allery's time to respond to the motion expired and immediately scheduled an evidentiary hearing.

[¶23] Further, although neither party raised it, the district court would have had Allery's correct address if procedural rules had been complied with. Under N.D.R.Ct. 8.3.1(a)(1), "Unless waived by the court under Rule 8.2(c)(1)(C), in any action for the determination of parental rights or a motion to modify residential responsibility, the parties and their attorneys must meet in person or by electronic means to prepare a joint informational statement within 30 days after service of the complaint or entry of an order for an evidentiary hearing." The informational statement must be in the form shown in Appendix L, which includes the address of the party or the party's attorney. *Id.* The rule was intended to:

[E]nsure that when a hearing is granted in a modification of parental rights case, that the court has an opportunity to order mediation, that both sides have the opportunity to prepare for the hearing, and that the court receives all the information it needs to make a decision. . . . [M]odification of parental rights cases are often just as complex as the initial case and that there often needs to be just as much preparation by the court and the parties.

*Minutes of the Joint Procedure Comm.* 27 (Jan. 26, 2017).

[¶24] A joint informational statement was never filed in this case, there was no request from either party to waive the requirements of the rule, and the district court did not order the requirements waived. *See* N.D.R.Ct. 8.3.1(a)(1) and (c). The court must issue a scheduling order within 30 days after the informational statement is filed. N.D.R.Ct. 8.3.1(b). A scheduling order was not issued in this case.

[¶25] Allery contacted the district court the day the evidentiary hearing was held to inform the court that he did not receive notice of the hearing and to request another hearing. Allery did not make free, calculated, and deliberate choices to evade service of notices related to the motion and disregard the hearing. Allery timely sought relief from the default judgment. The parties had equal residential responsibility for the children prior to Whitebull's motion to modify residential responsibility, and it is preferable and in the children's best interests that the motion be decided on the merits after a full evidentiary hearing. When N.D.R.Civ.P. 60(b) is liberally construed and applied, I believe Allery is entitled to relief from the amended judgment.

[¶26] Significantly when a party moves for relief from a default judgment modifying residential responsibility in a close case, the benefit should go to the moving party because it is in the children's best interests that a motion for modification of residential responsibility be decided on the merits after a full evidentiary hearing. *Cf. Helmers v. Sortino*, 545 N.W.2d 796, 798 (N.D. 1996) (superseded by N.D.R.Civ.P. 4(d)(2)) (stating denial of immediate appellate review would create a substantial injustice by effectively approving a change of custody through a default judgment when the parent was not properly

11

served with process and without careful and complete investigation of the child's best interests). The court should be careful in exercising its discretion when the lives of children are involved. Under the circumstances of this case I believe Allery is entitled to an evidentiary hearing and I would reverse the district court's order denying Allery's motion for relief.

[¶27] Gerald W. VandeWalle